Case 4:07-cv-05098-SBA    Document 1-4    Filed 10/03/2007    Page 1 of 3



UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

THIS CONSTITUTES NOTICE OF ENTRY AS REQUIRED BY FRCP, RULE 77(d).

| | |
|---|---|
| JEFFREY HAMMONS, | ) Case No. CV 07-3799-GPS(RC) |
| Petitioner, | ) |
| vs. | ) |
| | ) ORDER TRANSFERRING ACTION TO |
| B. CURRY, WARDEN (A), ET AL., | ) NORTHERN DISTRICT OF CALIFORNIA |
| Respondents. | ) |

On June 12, 2007, petitioner Jeffrey Hammons, a state inmate proceeding pro se, filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging the California Board of Prison Term's denial of parole to him. The petitioner was convicted in San Diego County, Petition at 1, and currently is confined in the California Training Facility in Soledad, California, which is in the Northern District of California.

## DISCUSSION

Federal district courts are limited to granting habeas relief "within their respective jurisdictions." 28 U.S.C. § 2241(a). Section 2241(d) of Title 28, United States Code, provides that a

habeas corpus petition "by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts . . . may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such districts shall have concurrent jurisdiction to entertain the application."  Here, there is no concurrent jurisdiction in this district court to entertain petitioner's habeas corpus petition under Section 2254 because petitioner is not in custody in this judicial district.

Generally, it is the practice to hear habeas corpus actions challenging state convictions or sentences in the judicial district in which the inmate was convicted and sentenced.  Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 497 & n.13, 93 S. Ct. 1123, 1131 & n.13, 35 L. Ed. 2d 443 (1973); Dannenberg v. Ingle, 831 F. Supp. 767, 767 (N.D. Cal. 1993); Laue v. Nelson, 279 F. Supp. 265, 266 (N.D. Cal. 1968).  However, when the petitioner is not challenging his underlying conviction or sentence, but, as here, is challenging the denial of parole to him by the California Board of Prison Terms, the general practice is to hear such habeas corpus actions in the judicial district of the inmate's confinement because that district court has jurisdiction over the petitioner's custodian.  Thompson v. Missouri Board of Parole, 929 F.2d 396, 398 (8th Cir. 1991); cf. Dunne v. Henman, 875 F.2d 244, 249 (9th Cir. 1989); United States v. Giddings, 740 F.2d 770, 772 (9th Cir. 1984).  Accordingly, this matter should be

//

//

1  transferred to the Northern District of California, where petitioner
2  is confined.
3
4  **IT IS ORDERED** that the Clerk of this Court transfer this matter
5  to the United States District Court for the Northern District of
6  California.
7
8  **IT IS FURTHER ORDERED** that the Clerk of this Court serve a copy
9  of this Order upon petitioner and upon the California Attorney
10 General.
11 DATE: 9/25/07

   GEORGE P. SCHIAVELLI
   UNITED STATES DISTRICT JUDGE

13 PRESENTED BY:
14 DATE: June 15, 2007

   ROSALYN M. CHAPMAN
16 UNITED STATES MAGISTRATE JUDGE

17 CASE073\07-3779.3
   6/15/07