Jeffrey Hammons
_____
NAME

H-23227
_____
PRISON IDENTIFICATION/BOOKING NO.

P.O. Box 689 GW-259-A-UP CTF-CENTRAL
_____
ADDRESS OR PLACE OF CONFINEMENT

Soledad, California 93960-0689
_____
Note:    It is your responsibility to notify the Clerk of Court in writing of any
change of address. If represented by an attorney, provide his name,
address, telephone and facsimile numbers, and e-mail address.

*FEE PAID*

FILED
CLERK, U.S. DISTRICT COURT

JUN 1 2 2007

CENTRAL DISTRICT OF CALIFORNIA
BY                        DEPUTY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

CASE NUMBER:

CV07 03799 GPS (RC)

To be supplied by the Clerk of the United States District Court

Jeffrey Hammons
_____
FULL NAME (Include name under which you were convicted)

Petitioner

v.

B. Curry, Warden (A), et al,.
_____
NAME OF WARDEN, SUPERINTENDENT, JAILOR OR AUTHORIZED
PERSON HAVING CUSTODY OF PETITIONER

Respondent.

☐ _____ AMENDED

### PETITION FOR WRIT OF HABEAS CORPUS
### BY A PERSON IN STATE CUSTODY
28 U.S.C. § 2254

PLACE/COUNTY OF CONVICTION San Diego County, CA
PREVIOUSLY FILED, RELATED CASES IN THIS DISTRICT COURT
(List by case number)
CV _____
CV _____

# ORIGINAL

### INSTRUCTIONS - PLEASE READ CAREFULLY

1.    To use this form, you must be a person who either is currently serving a sentence under a judgment against you in a California state court, or will be serving a sentence in the future under a judgment against you in a California state court. You are asking for relief from the conviction and/or the sentence. This form is your petition for relief.

2.    In this petition, you may challenge the judgment entered by only one California state court. If you want to challenge the judgment entered by a different California state court, you must file a separate petition.

3.    Make sure the form is typed or neatly handwritten. You must tell the truth and sign the form. If you make a false statement of a material fact, you may be prosecuted for perjury. Note: Amendment/Supplement Simultaneously attached/filed.

4.    Answer all the questions. You do not need to cite case law, but you do need to state the federal legal theory and operative facts in support of each ground. You may submit additional pages if necessary. If you do not fill out the form properly, you will be asked to submit additional or correct information. If you want to submit a legal brief or arguments, you may attach a separate memorandum.

5.    You must include in this petition all the grounds for relief from the conviction and/or sentence that you challenge. And you must state the facts that support each ground. If you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

5.    You must pay a fee of $5.00. If the fee is paid, your petition will be filed. If you cannot afford the fee, you may ask to proceed in forma pauperis (as a poor person). To do that, you must fill out and sign the declaration of the last two pages of the form. Also, you must have an authorized officer at the penal institution complete the certificate as to the amount of money and securities on deposit to your credit in any account at the institution. If your prison account exceeds $25.00, you must pay the filing fee. (See [1], ante)

6.    When you have completed the form, send the original and two copies to the following address:
     Clerk of the United States District Court for the Central District of California
     United States Courthouse
     ATTN: Intake/Docket Section
     312 North Spring Street
     Los Angeles, California 90012

DOCKETED ON CM

JUN 1 8 2007

BY                        06/

RECEIVED
CLERK, U.S. DICTRICT COURT

JUN 1 1 2007

CENTRAL DISTRICT OF CALIFORNIA
BY                        DEPUTY

[1] Upon 'Mailbox Rule' to prison personal, Inmate Trust Office to send $5.00 from account.

PLEASE COMPLETE THE FOLLOWING: *(Check appropriate number)*

This petition concerns:
1.  ☐ a conviction and/or sentence.
2.  ☐ prison discipline.
3.  ☐ a parole problem.
4.  ☒ other. (Violation of Due Process, Liberty Interest at Parole Hearing.)

## PETITION

1. Venue
   a. Place of detention Correctional Training Facility, P.O. Box 689 Soledad, CA 93960-0689
   b. Place of conviction and sentence San Diego County Superior Court
      325 S. Melrose, Vista, CA 92083-6627

2. Conviction on which the petition is based *(a separate petition must be filed for each conviction being attacked).*
   a. Nature of offenses involved *(include all counts)*: 2nd Degree Murder with Gun Use.

   b. Penal or other code section or sections: §§ 187(A), 12022(a)(1)

   c. Case number: CRN 20484
   d. Date of conviction: On or abourt 12/4/1991
   e. Date of sentence: 01-21-1992
   f. Length of sentence on each count: Gun Use: 1 Year
      2nd Degree Murder: 15 Years to life

   g. Plea *(check one)*:
      ☒ Not guilty
      ☐ Guilty
      ☐ Nolo contendere

   h. Kind of trial *(check one)*:
      ☒ Jury
      ☐ Judge only

3. Did you appeal to the California Court of Appeal from the judgment of conviction?    ☒ Yes ☐ No
   If so, give the following information for your appeal *(and attach a copy of the Court of Appeal decision if available)*:
   a. Case number: D016155
   b. Grounds raised *(list each)*:
      (1) Trial Misconduct.

(2)  Improper Jury Instructions.

(3)  Prosecutorial Misconduct.

(4)  _____

(5)  _____

(6)  _____

c.  Date of decision:  9/24/1993

d.  Result  Denied

4.  If you did appeal, did you also file a Petition for Review with the California Supreme Court of the Court of Appeal decision?   ☐ Yes   ☒ No

If so give the following information *(and attach copies of the Petition for Review and the Supreme Court ruling if available)*:

a.  Case number: _____

b.  Grounds raised *(list each)*:

(1)  _____

(2)  _____

(3)  _____

(4)  _____

(5)  _____

(6)  _____

c.  Date of decision: _____

d.  Result _____

5.  If you did not appeal:

a.  State your reasons  N/A

b.  Did you seek permission to file a late appeal?   ☐ Yes   ☐ No

Not Applicable

6.  Have you previously filed any habeas petitions in any state court with respect to this judgment of conviction?

☐ Yes   ☒ No

If so, give the following information for each such petition *(use additional pages if necessary, and attach copies of the petitions and the rulings on the petitions if available)*:

a.  (1) Name of court: Not Applicable

(2) Case number: _____

(3) Date filed *(or if mailed, the date the petition was turned over to the prison authorities for mailing)*: _____

(4) Grounds raised *(list each)*:

(a) _____

(b) _____

(c) _____

(d) _____

(e) _____

(f) _____

(5) Date of decision: _____

(6) Result _____

(7) Was an evidentiary hearing held?    ☐ Yes   ☐ No

b.  (1) Name of court: Not Applicable _____

(2) Case number: _____

(3) Date filed *(or if mailed, the date the petition was turned over to the prison authorities for mailing)*: _____

(4) Grounds raised *(list each)*:

(a) _____

(b) _____

(c) _____

(d) _____

(e) _____

(f) _____

(5) Date of decision: _____

(6) Result _____

(7) Was an evidentiary hearing held?    ☐ Yes   ☐ No

c.  (1) Name of court: Not Applicable _____

(2) Case number: _____

(3) Date filed *(or if mailed, the date the petition was turned over to the prison authorities for mailing)*: _____

(4) Grounds raised *(list each)*:

(a) _____

(b) _____

(c) _____

(d) _____

(e) _____

(f) _____

(5) Date of decision: _____

(6) Result _____

_____

(7) Was an evidentiary hearing held?    ☐ Yes   ☐ No

7.  For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than five grounds. Summarize briefly the facts supporting each ground. For example, if you are claiming ineffective assistance of counsel, you must state facts specifically setting forth what your attorney did or failed to do.

CAUTION:   *Exhaustion Requirement:* In order to proceed in federal court, you must ordinarily first exhaust your state court remedies with respect to each ground on which you are requesting relief from the federal court. This means that, prior to seeking relief from the federal court, you first must present all of your grounds to the California Supreme Court.

a.  Ground one:  Ground One: The State Court's Failed to address Petitioner's main argument that he is not currently a threat... and the BPH's continued reliance on the offense/crime an unchanging factor. Violates Due Process.

(1) Supporting FACTS:  Biggs -v- Terhune (2003 9th Cir.) 334 F.3d 910

Exhaustion. San Diego Superior Court Case No. HCN 0858 Filed 5/22/06,

Denied 7/25/06; Cal. 4th Dist. Appellate Court Case No. D049287 Filed

8/23/06, Denied 11/07/06; and Cal. Supreme Court Petition for Review Case

No. S148201 Filed 11/15/06, Denied 2/14/07.

[See Attached Addendum/Supplement at pagination 1 to 38]

(2) Did you raise this claim on direct appeal to the California Court of Appeal?    ☒ Yes   ☐ No

(3) Did you raise this claim in a Petition for Review to the California Supreme Court?    ☒ Yes   ☐ No

(4) Did you raise this claim in a habeas petition to the California Supreme Court?  N/A ☐ Yes   ☐ No

b.  Ground two:  Ground Two: The BPH speaks in meaning less generalities and fails to address the exact nature of Petitioner's Current character, thus, violating the intent and spirit of Penal Code §3000(b)(1),§3041,§3041(a),§3041.5, and CCR §2043,§2043(c). McQuillion -v- Duncan (9th Cir. 2002) 306 F.3d 895, Board of Pardons -v- Allen (1987) 482 U.S. 369

(1) Supporting FACTS: ¶7.a.(1), Supra, incorporated by reference thereto.

_____

_____

_____

_____

(2) Did you raise this claim on direct appeal to the California Court of Appeal?    ☒ Yes   ☐ No

(3) Did you raise this claim in a Petition for Review to the California Supreme Court?    ☒ Yes   ☐ No

(4) Did you raise this claim in a habeas petition to the California Supreme Court? N/A ☐ Yes ☐ No

Ground Three: The BPH has demonstrated a systematic bias by denying parole to 90% of term to life prisoners and recharacterizing Petitioner's Offense/Crime

c.  Ground three: to a higher degree. Apprendi -v- New Jersey (2000) 503 U.S. 466,

Blakely -v- Washington (2004)   U.S.  , 124 S.Ct. 2531, 159 L.Ed. 2d 403, DJDAR 7581

(1) Supporting FACTS: ¶7.a.(1), Supra, incorporated by reference thereto.

_____

_____

_____

_____

_____

(2) Did you raise this claim on direct appeal to the California Court of Appeal?          ☒ Yes    ☐ No
(3) Did you raise this claim in a Petition for Review to the California Supreme Court?     ☒ Yes    ☐ No
(4) Did you raise this claim in a habeas petition to the California Supreme Court? N/A     ☐ Yes    ☐ No

d.  Ground four: _____

_____

(1) Supporting FACTS: _____

_____

_____

_____

_____

(2) Did you raise this claim on direct appeal to the California Court of Appeal?          ☐ Yes    ☐ No
(3) Did you raise this claim in a Petition for Review to the California Supreme Court?     ☐ Yes    ☐ No
(4) Did you raise this claim in a habeas petition to the California Supreme Court?         ☐ Yes    ☐ No

e.  Ground five: _____

_____

(1) Supporting FACTS: _____

_____

_____

_____

_____

(2) Did you raise this claim on direct appeal to the California Court of Appeal?          ☐ Yes    ☐ No
(3) Did you raise this claim in a Petition for Review to the California Supreme Court?     ☐ Yes    ☐ No
(4) Did you raise this claim in a habeas petition to the California Supreme Court?         ☐ Yes    ☐ No

8.  If any of the grounds listed in paragraph 7 were not previously presented to the California Supreme Court, state briefly which grounds were not presented, and give your reasons: Not Applicable

9.  Have you previously filed any habeas petitions in any federal court with respect to this judgment of conviction?

☐ Yes    ☒ No

If so, give the following information for each such petition *(use additional pages if necessary, and attach copies of the petitions and the rulings on the petitions if available)*:

a.  (1) Name of court: Not Applicable

    (2) Case number: _____

    (3) Date filed *(or if mailed, the date the petition was turned over to the prison authorities for mailing)*: _____

    (4) Grounds raised *(list each)*:

        (a) _____

        (b) _____

        (c) _____

        (d) _____

        (e) _____

        (f) _____

    (5) Date of decision: _____

    (6) Result _____

    (7) Was an evidentiary hearing held?    ☐ Yes  ☐ No

b.  (1) Name of court: Not Applicable

    (2) Case number: _____

    (3) Date filed *(or if mailed, the date the petition was turned over to the prison authorities for mailing)*: _____

    (4) Grounds raised *(list each)*:

        (a) _____

        (b) _____

        (c) _____

        (d) _____

        (e) _____

        (f) _____

    (5) Date of decision: _____

    (6) Result _____

(7) Was an evidentiary hearing held?    ☐ Yes  ☐ No

10. Do you have any petitions now pending (i.e. filed but not yet decided) in any state or federal court with respect to this judgment of conviction?    ☐ Yes  ☒ No

If so, give the following information *(and attach a copy of the petition if available)*:

    (1) Name of court: _____

    (2) Case number: _____

    (3) Date filed *(or if mailed, the date the petition was turned over to the prison authorities for mailing)*: _____

    (4) Grounds raised *(list each)*:

        (a) _____

        (b) _____

        (c) _____

        (d) _____

        (e) _____

        (f) _____

11. Are you presently represented by counsel?    ☐ Yes  ☒ No

If so, provide name, address and telephone number: _____

_____

_____

WHEREFORE, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

_____
                   Not Applicable
*Signature of Attorney (if any)*

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.

Executed on *April 25-07*
         *Date*
                                        *Signature of Petitioner*

_____
Petitioner

                                    DECLARATION IN SUPPORT
                                         OF REQUEST
                                         TO PROCEED
                                    IN FORMA PAUPERIS

_____
Respondent(s)

I, _____, declare that I am the petitioner in the above entitled case;

that in support of my motion to proceed without being required to prepay fees, costs or give security therefor, I state that

because of my poverty I am unable to pay the costs of said proceeding or to give security therefor; that I believe I am

entitled to relief.

1. Are you presently employed? ☐ Yes    ☐ No

    a. If the answer is yes, state the amount of your salary or wages per month, and give the name and address of your

       employer. _____

       _____

    b. If the answer is no, state the date of last employment and the amount of the salary and wages per month which

       you received. _____

2. Have you received, within the past twelve months, any money from any of the following sources?

    a. Business, profession or form of self-employment?    ☐ Yes    ☐ No

    b. Rent payments, interest or dividends?                ☐ Yes    ☐ No

    c. Pensions, annuities or life insurance payments?      ☐ Yes    ☐ No

    d. Gifts or inheritances?                               ☐ Yes    ☐ No

    e. Any other sources?                                   ☐ Yes    ☐ No

    If the answer to any of the above is yes, describe each source of money and state the amount received from each

    during the past twelve months: _____

    _____

    _____

3. Do you own any cash, or do you have money in a checking or savings account? *(Include any funds in prison accounts)*

    ☐ Yes    ☐ No

    If the answer is yes, state the total value of the items owned: _____

    _____

4. Do you own any real estate, stocks, bonds, notes, automobiles, or other valuable property? *(Excluding ordinary household furnishings and clothing)* ☐ Yes    ☐ No

If the answer is yes, describe the property and state its approximate value: _____

_____

5. List the persons who are dependent upon you for support, state your relationship to those persons, and indicate how much you contribute toward their support: _____

_____

_____

I, declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Executed on _____        _____

                *Date*                                        *Signature of Petitioner*

## CERTIFICATE

I hereby certify that the Petitioner herein has the sum of $_____ on account to his credit at the _____ institution where he is confined. I further certify that Petitioner likewise has the following securities to his credit according to the records of said institution: _____

_____

_____

_____        _____

             *Date*                                    *Authorized Officer of Institution/Title of Officer*

1  Jeffrey Hammons H-23227
   P.O. Box 689   GW-259A-up
2  Soledad, CA  93960-0689
      (In Pro Per)
3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE CENTRAL DISTRICT OF CALIFORNIA

10

11  Jeffrey Hammons            )    Case No. _____
       (Petitioner)            )
12                             )
                               )    RE: AMENDMENT/SUPPLEMENT
13        -vs-                 )    TO PETITION FOR WRIT
                               )    OF HABEAS CORPUS UNDER
14  B. Curry, Warden (A), et al,. )   28 U.S.C §2254
       (Respondent(s))         )
15  _____ )

16

17

18

19

20

21

22

23

24

25

26

27

28

                              i

# AMENDMENT / SUPPLEMENT

## TABLE OF CONTENTS

SECTION/DOCUMENTS                                          Page(s)

COVER PAGE _____ i

TABLE OF CONTENTS_____ ii

TABLE OF AUTHORITIES_____ iii-iiii

AMENDMENT / SUPPLEMENT _____ 1-38

    INTRODUCTION _____ 1-2

    JURISDICTION _____ 2

    VENUE _____ 2

    PARTIES _____ 3

    FACTS _____ 4-6

    MEMORANDUM OF POINTS AND AUTHORITIES _____ 7-17

    CONCLUSION / PRAYER FOR RELIEF _____ 17-18

### ADDENDUMS

'A': ABSTRACT OF JUDGEMENT / MINUTE ORDER _____ 19-24

'B': SUMMARY OF GROUNDS RAISED THOUGH STATE _____ 25-27

'C': SUPERIOR COURT ORDER DENYING RELIEF_____ 28-31

'D': CALIFORNIA 4th DIST. COURT OF APPEALS DIV. 1
    ORDER DENYING RELIEF_____ 32-35

'E': CALIFORNIA SUPREME COURT 1-LINE DENYING ORDER _____ 36-37

VERIFICATION / PROOF OF SERVICE BY MAIL _____ 38

1

## TABLE OF AUTHORITIES

2

AUTHORITY                                                    Page(s)

3

### CONSTITUTIONAL AUTHORITIES

4

U.S. CONSTITUTION, AMENDMENT 7,14 _____ Passim

5

CALIFORNIA CONSTITUTION, ARTICLE 1, SECTIONS 7,15 ____ Passim

6

7

### FEDERAL CASE LAW

8

28 U.S.C §2254 _____ Passim

9

28 U.S.C §2254(d) _____ 7,8

10

28 U.S.C §2254(d)(1) _____ 7,8,11

11

28 U.S.C §2254(d)(2) _____ 7,8,11

12

28 U.S.C §2254(e)(1) _____ 8

13

Anthony -v- Cambra (9th Cir. 2000)
236 F.3d 568, 578 _____ 8

14

Apprendi -v- New Jersey (2000)
530 U.S. 466 _____ 16

15

Biggs -v- Terhune (2003 9th Cir.)
334 F.3d 910, 916, 917 _____ 9,11,16

16

Blakely -v- Washington (2004)
___U.S.___,124 S.Ct. 2531, 159 L.Ed. 2d 403, DJDAR 7581_____ 14,16

17

Board of Pardons -v- Allen (1987)
482 U.S. 369, 376-378 _____ 12

18

Concrete Pipe & Prod. -v- Const. Laborers Pen. (1993)
113 S.Ct. 2264, 2280 _____ 8

19

Demonsthenes -v- Baal (1990)
110 S.Ct. 2223, 2225 _____ 8

20

Greenholtz -v- Inmates of Nebraska Penal & Corr. Complex (1979)
442 U.S. 1, 7-8, 11-12 _____ 11-12

21

McQuillion -v- Duncan [McQuillion I] (9th Cir. 2002)
306 F.3d 895, 901, 904-905 _____ 12

22

Williams -v- Taylor (2000)
120 S.Ct. 1495, 1519, 1520, 529 U.S. 362 _____ 7,8

23

Ylst -v- Nunnemaker (1991)
501 U.S. 797, 111 S.Ct. 2590 _____ 9

24

25

### STATE CASE LAW

26

27

28

In re Dannenberg (2005)
24 Cal. 4th 1071 _____ 13

TABLE OF AUTHORITIES (Cont.)

AUTHOTY                                                          Page(s)

STATE CASE LAW (Continued)

In re Earnest Smith (2003)
114 Cal. App. 4th 343 _____ 16

In re Minnis (1972)
7 Cal. 3d 647 _____ 11

In re Norman Morral (2002)
102 Cal. App. 4th 280, 288-285, 292 _____ 11,14,15

In re Ramirez (2001)
94 Cal. App. 4th 549, 570, 571 _____ 10,11,12,13

In re Rosenkrantz (2002)
29 Cal. App. 4th 616, 683 _____ 16


CALIFORNIA PENAL CODE

§3000(b)(1) _____ 10
§3041 _____ 11,12
§3041(a) _____ 14
§3041(b) _____ 13,14
§3041.5 _____ 13


CALIFORNIA CODE OF REGULATIONS

§2282 _____ 14
§2403 _____ 14
§2402(c)(1) _____ 9
§2403(c) _____ 13,14
§3375.2(7)(A) _____ 11

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Jeffrey Hammons H-23227
P.O. Box 689   GW-259A-up
Soledad, CA  93960-0689
   (In Pro Per)


IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA


Jeffrey Hammons          )    Case No. _____
   (Petitioner)          )
                         )
                         )    RE: AMENDMENT/SUPPLEMENT
    -vs-                 )        TO PETITION FOR WRIT
                         )        OF HABEAS CORPUS UNDER
B. Curry, Warden (A), et al,. )   28 U.S.C §2254
   (Respondent(s))       )
                         )
_____)


**I.**

**INTRODUCTION**

On October 4, 2005 Petitioner attended his 2nd parole consideration

hearing, as held by the California Board of Parole Hearings (BPH hereafter)

After the BPH's consideration of his case not only was parole denied, but

an additional period of 2 years was added to the denial length before

eligibility to attend another parole consideration hearing.

The contents of this Petition are proffered in support of how the BPH's

actions violated the United States Constitution's 14th Amendment

prohibition on denying liberty interest without "Due Process" of law.

The Hearing transcripts became final on 2/1/2006, after hearing date

occurring on 10/4/2005.  Administrative remedies are no longer available,

I.

(INTRODUCTION Continued)

because the BPH has eliminated the BPH Appeals Unit and no longer allows for the filing of administrative appeals on BPH denials.  The 1-year AEDPA deadline began to run upon the 10/4/2005 hearing transcripts becoming final on 2/1/2006.  From the time the Superior Court Petition for Writ of Habeas Corpus was "Mailbox Rule" filed on 5/22/2006 until State Supreme Court denied the Petition for Review on 2/14/2007, Petitioner was entitled to this time period being tolled.  Conclusively, this §2254 Petition is timely.

In recognition of the "some evidence" standard, being applicable to Judicial Review governing of parole matters, it is Petitioner's contentions that the actions of theBPH denying parole, as affirmed by  the California Judiciary, deprived Petitioner of his Federally protected liberty interest and violated his 5th and 14th Amendment Constitutional Rights to due process by repeatedly denying him parole based on the unchanging facts of the offense, after ignoring the evidence of his rehabilitation programming and continued exemplary type behavior while in prison, violating one and/or more of the 4 levels (arbitrary, capricious, lack of basis in fact, contrary to law) that are applicable in this case.

II.

**JURISDICTION**

As original conviction occurred in San Diego County, California, Jurisdiction is appropriate under 28 U.S.C. §2254.

III.

**VENUE**

Venue is applicable under 28 U.S.C. §1391(b)(2), upon information and belief as habeas corpus petitions are civil in nature.

## IV.

### PARTIES

Petitioner is a prisoner of California, and currently housed by the California Department of Corrections and Rehabilitation (CDCR hereafter). Petitioner's sentence was 16 years to life, (1 year determinate, and 15 to life), due to criminal conviction on 12/4/1991 (Addendum 'A' pages 19-24 (Abstract of Judgeemnt / Minute Order). Upon being found guilty by Jury, for a term imposed of 15 years to life for second degree murder and 1 year for gun use, for a total term of 16 years to life. Petitioner was remanded to the care and custody of the Director of Corrections, with his term of imprisonment to be determined by the California Board of Parole Hearings under Penal Code §1168(b).

B. Curry is currently the acting Warden of the Correctional Training Facility, Soledad, and his responsibility is as the current custodian of Petitioner.

## V.

### FACTS

(1) Petitioner is currently incarcerated, although committed under a lawful procedure (See Addendum 'A', pages 19-24 (Abstract of Judgement / Minute Order)) his parole eligibility on his term-to-life sentence has been pled as allegedly illegal, because the BPH's actions that denied parole suitability at Petitioner's 2nd parole consideration hearing.

(2) The BPH has eliminated the BPH Appeals Unit and no longer allows for the filing of administrative appeals on BPH denials of parole for indeterminately sentenced prisoners such as Petitioner. Therefore, administrative remedies are deemed exhausted upon finality of the BPH decision transcripts which in this case became final on 2/1/2006.

**V.**

**FACTS** Continued

(3) Upon finality of the BPH decision transcripts, Petitioner filed a Petition for Writ of Habeas Corpus in San Diego Superior Court. The Grounds were raised to all of the BPH's reasons, for denying parole suitability, that Petitioner either knew were stated and/or believed applicable.  The Superior Courts Grounds raised are quoted in Addendum 'B' page 25 to 27, subsection Superior Court Grounds Raised.

(4) The Superior Court issued an opinion, and denied relief because Petitioner has failed to make a prima facie showing of spcific facts which would entitle him to habeas corpus relief under existing law. (See Addendum 'C', pages 28 to 31) as releated to Petitioner's claims.

(5) Following the Superior Court's opinion, Petitioner submitted a Petition for Writ of Habeas Corpus to the Fourth District Court of Appeals, Division 1, for the State of California, that not only incorporated the grounds denied by the Superior Court, but the Additional Appellate Ground (See Addendum 'B' page 26. subsection Appellate Court Grounds that alleged that the Superior Court's Ruling violated U.S. Supreme Court doctrine and 14th Amendment Due Process).

(6) The Appellate Court issued a statement as to the circumstaces of Petitioner's crime, and concurred with the BPH's findings. Although, the court makes the following conclusion; "lastly,we do not address Hammon's arguments concerning the superior court's order denying his petition in that court. The petition is denied". (See Addendum 'D' page 35)

(7) Following the 4th District Court of Appeal's denial, Petitioner sought a Petition for Review to the California Supreme Court, which was 4 questions under U.S. Supreme Court holdings (See Addendum 'B' page 26-27

**V.**

**FACTS** Continued

at subsection <u>Supreme Court Questions Raised</u>), that encompassed the previous Grounds in the lower California Courts.

(8) The California Supreme Court issued a summary denial, by their 1-Line Order denying the sought Petition for Review. (See Addendum 'E' page 37 ).  This denial occurred 2/14/2007.

(9) Based on the summary 1-Line denial by the California Supreme Court and the 4th District Courts of Appeals failure to address Petitioner's arguments concerning the San Diego Superior Court's Opinion/Order denying relief, this United States District Court has to use the "Look-Through" doctrine in order to go back to the last reasoned decision that addressed Petitioner's Grounds/Claims/Agruments, which in this case is the San Diego Superior Court's Order. (See Addendum 'C' page 29 to 31).

(10) The duration of time the State Petitions were filed, and upon information and belief, the time between courts, the "Tolling" doctrine applied so as not to interfere with the 1-year AEDPA Filing Restrictions.

(11) In summary, but directly quoted, is the reason/statement the BPH used to deny parole suitability during Petitioner's (2nd) second parole consideration hearing occurring on October 4, 2005:

"I am going to tell you rather than just going though the decision and having you have to wait that this is a two-year denial"

"The first thing that we considered in coming to our decision was the Commitment offense"

(12) The BPH relied solely on Petitioner's commitment offense (an unchanging factor) to justify its unlawful finding of unsuitability.

**V.**

**Facts** Continued

(13) Petitioner was denied parole for a period of two years. The BPH recited
     virtually the same reason(s) given for parole denial.  Thus violating
     the Legislative intent of Penal Code §3041.5(b)(2) and Petitioner's
     Due Process Rights.

(14) The statement of reasons for multi-year denial must be a separate and
     distinct statement that is not a mere recital of the same reason(s)
     used to deny parole worded slightly differently, as in Petitioner's
     case.

(15) In addition, and with regard to Petitioner's suitability, the BPH erred
     in its conclusion that Petitioner's Counselor report (LPER) and Mental
     Health Evaluation was not supportive of release or that Petitioner
     needs additional therapy.  Petitioner's LPER and Psychiatric Reports
     have been much to the contrary.

## MEMORANDUM OF POINTS / AUTHORITIES

### (PREFACE)

Amidst the myriad of United States Code (U.S.C. hereafter) related to Federal Habeas Corpus, the most relevant burden of proof the Petitioner bears is having to state a prima facie case under U.S.C. §2254(d)(1) / 28 U.S.C §2254(d)(2), as follows: (d) "An application for writ of habeas corpus on behalf of a person in custody pursuant to the Judgement of a State Court shall not be Granted with respect to any claim that was adjudicated on the merits in State Court proceedings unless the adjudication of the claim —

    (1) Resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

    (2) Resulted in a decision that was based on an unreasonable determination of facts in light of the evidence presented in State Court proceedings."

28 U.S.C. §2254(d)(1) has been adequately defined in <u>Williams -v- Taylor</u> (2000) 120 S.Ct. 1495, 1519, 1520, 529 U.S. 362 holding:

> "First, a State-Court decision is contrary to this Court's precedent if the State Court arrives at a conclusion opposite to that reached by this Court on a question of law.  Second, a State Court decision is also contrary to this Court's precedent if the State Court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrive at a result opposite to ours... A State-Court decision will certainly be contrary to our clearly established precedent if the State Court applies a rule that contradicts the Governing law set forth in our cases...  A State-Court decision will also be contrary to this Court's clearly established precedent if the State Court confronts a set of facts that are materially indistinguishable from a decision of this Court and needlessly arrives at a result different from our precedent."

### UNREASONABLE APPLICATION

> "First, a State-Court decision involves an unreasonable application of this Court's precedent if the State Court identified the correct governing legal-rule from this Court's cases but unreasonably applied it to the facts of the particular State prisoner's case.

//

MEMORANDUM OF POINTS / AUTHORITIES

**(PREFACE) Continued**

Second, a State-Court decision also involves an unreasonable application of this Court's precedent if the State Court either unreasonably extends a legal principle from our precedent to a new context where it should not apply. [¶] State-Court decision that correctly identify the Governing legal rule but applies it unreasonably to the facts of a particular prisoner's case would qualify as a decision "involving an unreasonable application of... clearly established Federal law."

28 U.S.C. §2254(d)(2)'s parameter is fairly analogous to U.S. Supreme Court holding of Demosthenes -v- Baal (1990) 110 S.Ct. 2223, 2225, which declared:

"A State Court's determination's on the merits of a factual issue are entitled to a presumption of correctness on Federal habeas review. A Federal Court may not overturn such determinations unless it concludes that they are not fairly supported by the record."

In arguendo, "not fairly supported by the record" appears parallel to "unreasonable determination of facts in light of the evidence presented". State Court findings of fact are presumed to be correct unless Petitioner rebuts that presumption by clearly and convincing evidence. 28 U.S.C. §2254(e)(1).

Notwithstanding the Williams -v- Taylor, supra, interpretation and holding of 28 U.S.C. §2254(d)(1)'s "unreasonable application" analysis, "clear error" is the doctrine that helps interpret this standard. The U.S. Supreme Court has stated in Concrete Pipe & Prod. -v- Const. Laborers Pen. (1993) 113 S.Ct. 2264, 2280: "Thus, review under 'clearly erroneous standard' is significantly deferential requiring a definite and firm conviction that a mistake has been committed." Anthony -v- Cambra (9th Cir. 2000) 236 F.3d 568,578, also assisted clarification:

"In making this determination, this Court first considers whether the State Court erred at all; only after concluding that an error occurred does this court decide whether that error involved an unreasonable application of controlling law within the meaning of section 2254(d)."

//

//

1  GROUND 1.                    MEMORANDUM OF POINTS / AUTHORITIES

2      The Superior Court failed to address Petitioner's main argument that he

3  is not currently a threat... and the BPH's continued reliance on unchanging

4  circumstances of the offense and prior conduct violates Due Process.

5      In this case there were (2) two reasoned desision, which was by the

6  San Diego Superior Court and Fourth Appellate Court. There was no other

7  opinions from the higher California Courts, as their orders were summary

8  1-Line denials.   therefore this Court is obligated to to analyze under

9  Ylst -v- Nunnemaker (1991) 501 U.S. 797, 111 S.Ct. 2590 "Look-Through" Rule,

10 to the last reasoned decision, to have a reviewable Record of California

11 Judiciary Ruling on Petitioner's Claims.

12     In Petitioner's Fourth Appellate Court Writ of Habeas Corpus of Ground

13 1 which encompassed several arguments addressing Petitioner's potential

14 current threat to society (or public safety).  Of these arguments the

15 Appellate Court designed to recite CCR §2402 et seq. and make the following

16 statement: "At the hearing the Department properly considered Hammon's
             underlying commitment offense. (Cal. Code Regs., tit. 15,
17           §2402, subd.(c)(1).) The presiding commissioner read a
             statement of the fact....."

18

19     The Court in Biggs -v- Terhune (2003 9th Cir.) 334 F.3d 910: held that

20 the Board's continued use of the crime as a basis for denial of parole when

21 Petitioner's behavior remains exemplary may be a violation of both State and

22 Federal Due Process.  Moreover the Court in Biggs supra, addressed the BPH's

23 continued illegal use of the crime and/or prior history to justify a denial

24 of parole:

25                      "...a continued reliance... on an unchanging
                        factor, the circumstance of the offense and
26                      conduct prior to imprisonment, runs contrary
                        to the rehabilitative goals espoused by the
27                      prison system and could result in a Due Process
                        violation." (Biggs, supra, 334 F.3d at 917)

28

## MEMORANDUM OF POINTS / AUTHORITIES

GROUND 1. (Cont.)

The Court in **Biggs**, supra, went on to warn the Board that while there was "some evidence" to use the crime as a basis for denial at his <u>initial</u> hearing, the board's continued use of the crime as a basis for continual denials would be a violation of Biggs Federal due process rights. Petitioner submits claims that the Board's <u>sole</u> usage of the initial commitment offense and/or prior social history, on a continual basis to deny him parole date has violated his 5th and 14th Amendment Rights under the United States Constitution to not be deprived of his liberty.

At Petitioner's Board hearing the BPH relied solely on Petitioner's commitment offense to justify its unlawful findings of unsuitability. The Board stated:

[A] "I'm going to tell you rather than just going though the decision and having you have to wait that this is a two-year denial"
"The first thing that we considered in coming to our decision was the Commitment offense."

[B] "The other thing, and let me just say that this relates to the two years, rather than go through all of this a second time, obviously the crime relates to the two-year denial."

GROUND 2.

The BPH speaks in meaningless generalities and fails to address the exact nature of Petitioner's <u>current</u> character. By not doing so, the BPH violated the intent and spirit of Penal Code §3041.5. <u>In re Ramirez</u> 94 Cal App. 4th 549:...[a]ll violent crimes demonstrate the perpetrator's potentail for posing a grave risk to public safety, yet parole is mandatory for violent felons serving determinate sentences. Penal Code §3000(b)(1). And the Legislature has clearly expressed its intent that when murders —who are the great majority of inmates serving indeterminate sentences - <u>approach</u>

MEMORANDUM OF POINTS / AUTHOR...

GROUND 2. (Cont.)

1    their minimum eligible parole date, the Board shall normally set a parole

2    release date..."

3      In re Ramirez, supra, which dictates that the BPH shall normally set a

4    parole release date. (citing Biggs -v- Terhune, supra, There is no evidence

5    that the crime is "particularly egregious" to justify the use of the

6    exception clause of Penal Code §3041(b); In re Norman Morrall 102 Cal.App.

7    4th 280 the Court concluded "[W]e agree that an inmate cannot be denied

8    parole simply on the type of offense he committed." (see also In re Minnis,

9    7 Cal.3d at pg.647).

10      The BPH ignored the fact that Petitioner has been deemed by the

11    California Department of Corrections a Model prisoner with A-1-A status, and

12    Not a threat to society, and that Petitioner's crime in not "particularly

13    egregious" (especially cruel and callous) by placing Petitioner in a level

14    II prison setting. California Code of Regulations, Title 15, section 3375.2

15    subd.(7)(A) states:

16        "An inmate serving any life term shall not be housed in a
Level I or II facility if any of the following case factors

17        are present: The Commitment Offense involved unusual
violence..."

18

19      This case squarely presents the question of when, if ever, the BPH is

20    required to follow the explicit mandate of Penal Code §3041 that "[o]ne

21    year prior to the inmate's minimum eligible parole release date...the Board

22    of Prison Terms shall again meet with the inmate and shall normally set a

23    parole release date..."

24      Petitioner's claim for Federal habeas corpus relief is premised upon

25    both prongs of the standards under the Antiterrorism and Effective Death

26    Penalty Act (hereafter, referred to as "AEDPA"), 28 U.S.C §2254(d)(1)and (2)

27    The phrasing of Cal. Pen. Code §3041 creates a liberty interest in parole.

28    As noted by the Supreme Court in Greenholz -v- Nebraska Penal Inmates, 442

MEMORANDUM OF POINTS / AUTHORITIES

GROUND 2.(Cont.)

U.S. 1, 12 (1979), under a Federal due process analysis, the use of the mandatory "shall-unless" language in a parole statue creates a presumption that parole will be granted, absent the inmate falling into the statutory exception. See also McQuillion -v- Duncan [McQuillion I] 306 F.3d 895, 904-5 (9th Cir. 2002); In re Ramirez, supra, 94 Cal. App.4th 549. This gives rise to a due process interest in parole, and absent a crime that is particularly egregious, as compared with other similar offenses, the crime by itself cannot be a bar to a finding of suitability.

The BPH derives its authority to make parole suitability determinations from the California State Legislature under Penal Code §3041. On July 1, 1977, the State Legislature enacted the current version of that statute, which establishes that the BPH "shall normally set a parole release date" for state prison inmates serving term-to-life sentences, and must do so at the initial parole hearing. The United States Supreme Court has determined that a state's statutory parole scheme, if it uses mandatory language, may create a presumption that parole release will be granted upon certain conditions, thereby give rise to a Constitutionally protected liberty interest. Board of Pardons -v- Allen 482 U.S. 369, 376-78 (1987); Greenholtz -v- Inmates of Nebraska Penal & Corr. Complex 442 U.S. 1, 11-12 (1979). Thus, a prisoner gains a legitimate expectation in parole that cannot be denied without adequate procedural due process when certain language is used. Allen, supra, 482 U.S. at 373-81; Greenholtz, supra, 442 U.S. at 11-12. It has further, been determined that Penal Code §3041's mandatory language creates a presumption that the inmate will have a parole release date set at that first hearing. McQuillion -v- Duncan [McQuillion.I] 306 F.3d 895, 901 (9th Cir. 2002) ["The scheme creates a presumption that parole release will be granted."]

1    MEMORANDUM OF POINTS / AUTHORITIES

2    GROUND 2. (Cont.)

3    Petitioner has now had two (2) BPH hearings and all of the BPH's

4    denials rest solely on the commitment offense, therefore, violates both

5    State and Federal Due Process.  Most importantly, there is no evidence that

6    public safety requires a lengthier period of incarceration, (please refer

7    to Penal Code §3041(b)), in relation to other instances of the same crime

8    (please refer to Penal Code §3041.5)

9    Petitioner's crime falls squarely on the BPH's own proportionally

10    matrix (please refer to California Code of Regulations (hereafter CCR)

11    Division 2, §2403(c).  The matrix scale rating of the most common and

12    routine variations of murder appear to be a codification of when a crime of

13    this nature can be more egregious than average.  Petitioner's crime falls

14    in the matrix of [category III-B, 18-19-20 years].  With post conviction

15    credit Petitioner has exceeded the maximum by more than one (1) year,

16    Petitioner has served his matrix.  The BPH fails in any attempt to

17    substantiate why Petitioner's crime is so heinous as to require the

18    Petitioner be  exempt time and time again from the general rule that a

19    parole date shall normally be set; Please see In re Ramirez, supra, wherein

20    the court stated:

21    "The Board must weigh the inmate's criminal conduct not
     against ordinary social norms, but against other

22    instances of the same crime or crimes. (Ramirez, supra,
     Cal. App. 4th 570)

23

24    The BPH is relying on the very elements of the crime in order to deny

25    parole, which is clearly prohibited.  In re Dannenberg, 34 Cal. 4th at 1071

26    (2005).  The BPH's interpretation is a refutation of the trial court's

27    contrary determination at the time of conviction, and a violation of clearly

28    established Supreme Court Law,  Since the BPH is precluded from making

## MEMORANDUM OF POINTS / AUTHORITIES

1

2 GROUND 2. (Cont.)

3 findings that take the case outside the normal sentencing structures, here

4 the matrix, when those facts have not been charged and found true by the

5 trier of fact at the time of conviction. **In re Blakely -v- Washington**(2004)

6 ____ U.S. ____, 124, S.Ct. 2531, 159 L.Ed. 2d 403 DJDAR 7581, holding "When

7 a [sentencing] judge inflicts punishment that the Jury's verdict alone does

8 not allow, the jury has not found all the facts which the law makes

9 essential to the punishment[,]" precluding California's parole board's use

10 of any factor not found by a jury when determining the length (continuation)

11 a prisoner's Penal Code §3041(b) punishment. See In re Morrall (2002) 102

12 Cal.App.4th 280, 288-289, 292, holding the punishment for an indeterminately

13 sentenced prisoner is the Penal Code §3041(a) / 15 CCR §2282 or §2403

14 uniform term specified for the type, degree, and circumstances of their

15 crime.  The BPH clearly ignored the fact that the offense and victim

16 circumstances of Petitioner's offense calls for a CCR §2403(c), Matrix Axis

17 of B-III 18-19-20 years, while Petitioner has already served his matrix

18 with good time credits added he is past his uniform term and owed parole

19 date.

20     The BPH requested a psychological evaluation and the Petitioner's

21 institutional counselor prepares reports prior to the hearing(s). The BPH

22 ignored their own experts opinions and arrived at their own conclusion for

23 which they are not certified and/or qualified to make a determination as to

24 the "assessment of dangerousness" for the Petitioner.  the psychological

25 evaluation and counselor reports were supportive of release and deemed

26 Petitioner not to be a danger and/or threat to public safety.

27     Specifically, Dr. J. Steward, Psy.D. Clinical Psychologist, stated:

28         "There is not any evidence of a thought disorder"

Amendment/Supplement
Page 14 of 38

# MEMORANDUM OF POINTS / AUTHORITES

GROUND 2. (Cont.)

"His judgement and impulse control is very good"

"There does not appear to be evidence of personality disorder"

"It is estimated that he has a very good prognosis for adjustment to the community"

Under "Assessment of Dangerousness" Dr. J. Steward stated:

"Inmates Hammon's violence potential within a controled setting is considered below average relative the inmate population"

"There was not any significant psychopathology observed during this interview that would indicate he is a serious risk to the community"

"If released to the community, inmate Hammon's violence potential is considered to be no more than that of the average citizen"

Also, in the Life Prisoner Evaluation Report (hereafter LPER) Petitioner's Correctional Counselor, CC-I P. McPartlan states:

"Considering the commitment offense, prior record and prison adjustments, this writer believes that the prisoner would likely pose a moderate risk to the community if released on parole, Hammons continued to participate in Alcoholics Anonymous. He is currently assigned to Vocational welding"

THE BPH failed to consider their own expert's opinion In re Morman G. Morral (2002) 102 Cal.App.4th 280, the Court concluded:

"A refusal to consider the particular circumstances relevant to an inmate's individual suitability for parole would be contrary to law."

GROUND 3.

The BPH Mathematically demonstrates systematic bias in their decision

## MEMORANDUM OF POINTS / AUTHORITIES

1

<u>GROUND 3.</u> (Cont.)

2

making by denying grants of parole to more than 90% of appearing inmates.

3

Petitioner respectfully submits that a review of the available State

4

Government provided statistical data, which can be obtained and provided if

5

requested, will demonstrate the BPH routinely denies parole to more than

6

90% of appearing inmates in violation of Penal Code §3041(a) as held by the

7

California Supreme Court's ruling in <u>In re Rosenkrantz</u>, 29 Cal.App.4th at

8

683, and in violation of the Federal standard announced in <u>Biggs -v-</u>

9

<u>Terhune</u>, supra, at 916-917. Further, Petitioner submits a review of case

10

record history will show that the BPH carries out this routine denial of

11

parole by declaring each and every offense committed by the 90%+ inmates

12

denied parole as being "especially heinous, atrocious, or cruel," i.e.

13

particularly egregious, (or various other phases to this effect), even

14

when the circumstances of the cirme fall at the low end of the matrix 15

15

CCR §2403(b) terms. (See <u>In re Earnest Smith</u>, (2003) 114 Cal.App.4th 343

16

holding that a California parole is the rule, i.e. the norm, and not the

17

exception; and that only especially grave, i.e. particularly egregious,

18

crimes can be used to support a parole denial decision. See <u>In re</u>

19

<u>Rosenkrantz</u>, supra, 29 Cal.4th 616, holding a "particularly egregious"

20

second degree murder is one with with first degree murder (and by

21

extrapolation a first degree murder with "special circumstances"). elements

22

not found by the jury, cf. <u>Apprendi -v- New Jersey</u>, (2002) 530 U.S. 466,

23

and <u>Blakely -v- Washington</u>, supra, holding this type of finding

24

unconstitutional, violating due process.

25

//

26

//

27

//

28

### SUMMARY

The BPH has improperly employed the facts of the commitment offense to deny Petitioner parole. Petitioner's many accomplishments, considered together with the present state of law, conclusively establishes his parole suitability. Thus, the logical consequence of the BPH's repeated denials and unchecked discretion, focusing upon the circumstances of the commitment offense, is that Petitioner will **never** be found suitable for parole. Likewise, the State Court decisions upholding these findings fails to address clearly established Federal Law, and constitutes an unreasonable determination of facts in light of the record. In short these hearings have become a sham, a pro forma procedure in contradiction to the requirements of State Statutes, Regulations and Constitutional Due Process under State and Federal Constitution, thereby necessitating this Court's intervention by way of a writ of habeas corpus. See 28 U.S.C. §2254(d)(1); In re Ramirez, supra.

### CONCLUSION

The BPH's decision was arbitrary and capricious. The Petitioner did not receive a fair hearing, nor will he ever.

Petitioner submits and contends that the finding of unsuitability was arbitrary and capricious;

(1). Due to the BPH's continued reliance on the crime, which has been deemed
   an unchanging factor;

(2). Due to the BPH carrying out its political function of adhering to a no
   or anti-parole policy;

(3). Due to the BPH acting contrary to the intent and spirit of Penal Code
   §§ 3041, 3041(a);

(4). Due to the BPH basing their decision on unsupported allegations;

(5). Due to the BPH's refusal to adhere to aforementioned decisions and
   controlling authorities.

## PRAYER FOR RELIEF

Wherefore Petitioner respectfully prays this Court to:

(1). Issue the writ of habeas corpus or order to show cause to the Director
of the Department of Corrections and Rehabilitation and/or the BPH to
inquire into the legality of the Petitioner's incarceration;

(2). Order the immediate release of the Petitioner or alternatively, order
the BPH to hold a new parole hearing within forth-five (45) days, and
if no new information is presented that establishes that Petitioner
poses a present threat of future violence, to find Petitioner suitable
for parole and set a release date;

(3). Conduct an evidentiary hearing if necessary to resolve any disputed
factual issues, and after the hearing, issue an order directing the
BPH to act as set forth in paragraph 2, above;

(4) Appoint Counsel;

(5). Grant Petitioner an opportunity to develop or to offer additional
evidence;

(6). Grant a discharge free and clear of parole;

(7). Declare the Rights of the Parties; and

(8). Grant any and all other relief deemed proper and in the interest of
Justice.

Respectfully Submitted,

Dated: April 25, 2007

Jeffrey Hammons

# ADDENDUM 'A'

**SUMMARY: Abstract of Judgement/Minute Order.**

# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF SAN DIEGO

☐ 220 W. BROADWAY     ☒ 325 S. MELROSE     ☐ 250 E. MAIN     ☐ 500 THIRD
SAN DIEGO, CA.          VISTA, CA            EL CAJON, CA.      CHULA VISTA, CA
92101-3409              92083-6627           92020-3913         91910-5594

PEOPLE OF THE STATE OF CALIFORNIA                          PLAINTIFF,

vs

Jeffrey Todd Hammons

                                                           DEFENDANT

| AMENDED | **ABSTRACT OF JUDGMENT - COMMITMENT**<br>(PC 1213.5) |
|---|---|

F I L E D
KENNETH E. MARTONE
Clerk of the Superior Court

**JUL 20 1992**

By: S. HICKS, Deputy

CR  N

DA  B  5941301

| Date of hearing:<br>1-21-92 | Dept. No.:<br>A | Judge:<br>J. MORGAN LESTER | Clerk:<br>Sharon Hicks | Reporter:<br>Flo Dobson |
|---|---|---|---|---|
| EDWIN L. MILLER, Jr., District Attorney<br>By    James Koerber            Deputy | | Counsel for defendant:<br>David Rawson | | Probation Officer or Number:<br>A720948 |

☐ PROBATION PREVIOUSLY GRANTED HAVING BEEN REVOKED ON _____ .

Count(s) No. _____ One _____ , WHEREAS THE DEFENDANT ON A PLEA
of _____ **Not Guilty** _____   having been convicted by  Jury
(GUILTY, NOT GUILTY, NOLO CONTENDERE, FORMER CONVICTION OR ACQUITTAL, ONCE IN JEOPARDY, NOT GUILTY BY REASON OF INSANITY)     (THE COURT OR JURY)

of _____ Murdre 2nd degree _____
(DESIGNATION OF CRIME AND DEGREE IF ANY)

IN VIOLATION OF _____ PC187(a) with PC12022(a)(1) _____
(REFERENCE TO CODE OR STATUTE, INCLUDING SECTION AND SUBSECTION THEREOF, IF ANY VIOLATED.)

YEAR CRIME COMMITTED ____1991____

THE DEFENDANT IS CREDITED FOR TIME SPENT IN CUSTODY,  ____366____  TOTAL DAYS, INCLUDING:

ACTUAL LOCAL TIME ____244____  PC 4019 CREDIT ____122____ , STATE INSTITUTIONS TIME _____

THE COURT FINDS:      (*IF NO FINDING MADE, ENTER "NO FINDING MADE")

* _____ , THE DEFENDANT ☒ WAS ☐ WAS NOT ARMED WITH A DEADLY WEAPON AT THE TIME OF THE COMMISSION OF THE OFFENSE WITHIN THE MEANING OF SECTIONS 969(c) and 12022 OF THE PENAL CODE.

* _____ , THE DEFENDANT ☐ USED ☐ DID NOT USE A FIREARM IN THE COMMISSION OF THE OFFENSE WITHIN THE MEANING OF SECTIONS 969(d) and 12022.5 OF THE PENAL CODE.

* _____ , THE DEFENDANT ☐ WAS ☐ WAS NOT ARMED WITH A DEADLY WEAPON AT THE TIME OF THE COMMISSION OF THE OFFENSE WITHIN THE MEANING OF SECTION 12022(a) OF THE PENAL CODE.

* _____ , THE DEFENDANT ☐ WAS ☐ WAS NOT ARMED WITH A DEADLY WEAPON AT THE TIME OF THE COMMISSION OF THE OFFENSE WITHIN THE MEANING OF SECTION 12022(b) OF THE PENAL CODE.

Amendment/Supplement
Page **20** of **38**

SUPCT CR-36(Rev. 6-92)          ABSTRACT OF JUDGMENT - COMMITMENT     —116—                      ▮ Page 1 of 2

| | CASE NUMBER: |
| --- | --- |
| | CRN20484 |

THE DEFENDANT HAS HAD PRIOR FELONY CONVICTIONS  AS FOLLOWS:

DATE          COUNTY  AND STATE                    CRIME                                                    DISPOSITION

It is therefore ordered, adjudged and decreed that the defendant be punished by imprisonment in the State Prison of the State of California for the term prescribed by law.  It is ordered that the sentences shall be served in respect to one another as follows (CC  or CS):

Count One          PC187(a)              Murder 2nd degree                      15 years to life
                   PC12022(a)(1)                                                 1 year consecutive
                                                                               16 years to life

and in respect to any prior incomplete sentence(s) as follows (CC  or CS):

It is further ordered that the defendant be remanded to the Sheriff of the County  of San Diego; and pursuant to the aforesaid judgment, the Sheriff is commanded to deliver the defendant into the custody of the Director of Corrections of the State of California  at the ☒ R. J. Donovan Correctional Facility ☐ California  Institution for Women at Frontera, California  at the earliest convenience.

The Court ☒ did ☐ did not instruct the defendant of the right to appeal in accordance with Rule 250, California  Rules of Court.

J. MORGAN LESTER
_____
JUDGE OF THE SUPERIOR COURT

CLERK'S CERTIFICATE
The foregoing is a full, true and correct copy of the original on file in this office.

Amendment/Supplement
Page 21 of 38                    KENNETH E. MARTONE
                                CLERK OF THE SUPERIOR COURT

ATTEST: JUL 2 0 1992          By  S. Hicks
_____                    _____
DATE                                        S. HICKS
                                            DEPUTY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
ABSTRACT OF JUDGMENT
FOR COMMITMENT TO STATE PRISON

THE PEOPLE OF THE STATE OF CALIFORNIA
PLAINTIFF

VS

Jeffrey Todd Hammons

DEFENDANT

JAN 22 1992

DATE _____ 1-21-92 _____
CASE NUMBER: CRN20484
PRESENT
                J. MORGAN LESTER
                JUDGE OF THE SUPERIOR COURT
        Edwin L. Miller, Jr., District Attorney
By          James Koerber                    DEPUTY
        David Rawson        H23227
                COUNSEL FOR DEFENDANT
            Sharon Hicks
                CLERK
            Flo Dobson
                REPORTER

☒ PROBATION HAVING HERETOFORE GRANTED AND SAID PROBATION HAVING BEEN REVOKED ON
☒ APPLICATION FOR PROBATION IS DENIED.    THE DEFENDANT (IS DULY ARRAIGNED) (WAIVES FORMAL ARRAIGNMENT).

ount No.            One                          , WHEREAS THE SAID DEFENDANT ON HIS PLEA
f _____ Not Guilty _____ having
        (GUILTY, NOT GUILTY, FORMER CONVICTION OR ACQUITTAL, ONCE IN JEOPARDY, NOT GUILTY BY REASON OF INSANITY)

een convicted by __Jury__ of __Murder 2nd degree_____
        (THE COURT OR JURY)      (DESIGNATION OF CRIME AND DEGREE IF ANY, INCLUDING FACT THAT IT CONSTITUTES A SECOND OR SUBSEQUENT, IF THAT

— 
    e THE SENTENCE)

N VIOLATION OF        PC187(a) with PC12022(a)(1)
                (REFERENCE TO CODE OR STATUTE, INCLUDING SECTION AND SUBSECTION THEREOF, IF ANY VIOLATED.)

EAR CRIME COMMITTED IS _____ 1991 _____
HE DEFENDANT IS CREDITED FOR TIME SPENT IN CUSTODY, 366 TOTAL DAYS, INCLUDING:
CTUAL LOCAL TIME 244 PC 4019(b) CREDIT 122 , STATE INSTITUTIONS TIME_____ .

HE COURT FINDS:        (*IF NO FINDING MADE, ENTER "NO FINDING MADE")
                . THE DEFENDANT _____ was _____ ARMED WITH A DEADLY WEAPON AT THE TIME OF HIS COMMISSION
                                (WAS OR WAS NOT)
F THE OFFENSE WITHIN THE MEANING OF Sections 969c and 12022 of the Penal Code.
                . THE DEFENDANT _____ A FIREARM IN HIS COMMISSION OF THE OFFENSE WITHIN THE MEANING
                                (USED OR DID NOT USE)
r ections 969d and 12022.5 OF THE Penal Code.
                . THE DEFENDANT _____ ARMED AT THE TIME OF HIS COMMISSION OF THE OFFENSE WITHIN THE
                                (WAS OR WAS NOT)
EANING OF Section 1203 of the Penal Code and that weapon was

Amendment/Supplement
Page 22 of 38
                                        -118-
-38 CO.CLK. (2/79)                    ORIGINAL

DATE      COURT FILE NUMBER      DEFENDANT WAS HAD WHICH HOLD BY CONVICTIED FOLLOWS:

none alleged

It is therefore ordered, adjudged and decreed that the defendant be punished by imprisonment in the State Prison of the State of California for the term prescribed by law; it is ordered that the sentences shall be served in respect to one another as follows (CC or CS):

| count one | PC187(a) Murder 2nd degree | 15 years to life |
| | PC12022.5(a)(1) | 1 year consec. |
| | | 16 years to life |

and in respect to any prior incompleted sentence(s) as follows   (CC or CS):

It is further ordered that the defendant be remanded to the Sheriff of the County of San Diego; and pursuant to the aforesaid judgment, this is to command you, the Sheriff to deliver the defendant into the custody of the Director of Corrections of the State of California at the California institution for xxxMenxatxXXXX. xxxxxxxxxxxxxxxx California at your earliest convenience.
                                        Donovan

The Court(_____did_____)instruct the defendant of his right to appeal in accordance with Rule 250, California Rules of Court.
          did/did not

I certify the foregoing to be a true and correct abstract of the Judgment made and entered on the minutes of the Superior Court herein.

Dated:    JAN 2 ..
          Kenneth E. Martone
          xxxxxxxxxxxxxxxxxxxxxxxxxx
          Clerk of the Superior Court

By_____S. Hicks_____Deputy
          S. Hicks

                    JUDGE OF THE SUPERIOR COURT

          J. MORGAN LESTER

V S              SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

CSN20484      DA  C5941301

DATE  03-04-92      CJSCD    AT 1199553    M      PROB HEAR-SENTENCING

PRESENT: HON. MORGAN LESTER _____ JUDGE PRESIDING DEPARTMENT  A

CLERK  Q Hicss _____ REPORTER  Flo Dofsn #2292

THE PEOPLE OF THE STATE OF CALIFORNIA
                    VS                              James Hoerbel
                                                    DEPUTY DISTRICT ATTORNEY
HAMMONS      JEFFREY      7            De RAWSON
            DEFENDANT                 ATTORNEY FOR DEFENDANT (APPT'D/RETAINED)
VIOLATION OF PC187(A) 2  PC211        (PO Karen) Featherss

☐ DEFENDANT ☒ NOT PRESENT  ☐ ARRAIGNED FOR JUDGMENT  ☒ WAIVES ARRAIGNMENT
☐ DEFENDANT ADVISED OF RIGHTS AND (ADMITS/DENIES) A VIOLATION OF PROBATION.  ☐ WAIVES HEARING
PROBATION IS: ☒ DENIED  ☐ REVOKED  ☐ REINSTATED  ☐ CONTINUED  ☐ MODIFIED  ☐ GRANTED _____ YEARS (FORMAL/SUMMARY)
☐ IMPOSITION OF SENTENCE IS SUSPENDED.  ☐ DEFENDANT SENTENCED TO STATE PRISON, EXECUTION SUSPENDED (SEE BELOW FOR TERM).

**P** CONDITIONS OF PROBATION INCLUDE, BUT ARE NOT LIMITED TO:
**R** ☐ COMMITMENT TO SHERIFF FOR _____ DAYS. ☐ ADULT INSTITUTIONS RECOMMENDED.  ☐ PAROLE NOT TO BE GRANTED.
**O** ☐ FINE OF $_____ INCLUDING PENALTY ASSESSMENT AT $_____ PER MONTH, COMMENCING_____ THROUGH REVENUE AND RECOVERY.
**B** ☐ RESTITUTION OF $_____ TO VICTIM/RESTITUTION FUND AT $_____ PER MONTH, COMMENCING_____ THROUGH REVENUE AND RECOVERY.
**A** ☒ RESTITUTION/FINE OF $ 500 PER GC 13967, STAYED PER PC 1202.4(b). 2085.5
**T** ☐ PARTICIPATION IN COMMUNITY SERVICES PROGRAM IN LIEU OF RESTITUTION.
**I** ☐ FOURTH AMENDMENT WAIVER OF PERSON/AUTO/RESIDENCE/PERSONAL EFFECTS.
**O** ☐ REGISTRATION PER PC 290/H&S 11590.   ☐ TEST PER PC 290.2
**N**

                                                                    CREDIT FOR TIME SERVED
**C** ☒ DEFENDANT IS COMMITTED TO DEPARTMENT OF CORRECTIONS FOR LOWER/MIDDLE/UPPER TERM OF _____ YEARS.   27 DAYS LOCAL
**O** (SEE BELOW FOR ADDITIONAL COUNTS)                                        COUNT _____   _____ DAYS STATE INST.
**M** ☐ DEFENDANT IS COMMITTED TO CALIFORNIA YOUTH AUTHORITY. ☐ PER W&I 707.2  ☐ PER W&I 1737   122 DAYS PC 4019
**M** (SEE BELOW FOR FINDINGS)
**I** ☒ DEFENDANT IS ADVISED OF APPEAL RIGHTS  ☐ DEFENDANT IS ADVISED REGARDING PAROLE   31 TOTAL DAYS CREDIT
**T**

**S** DEFENDANT REMAINS AT LIBERTY:                    DEFENDANT REMANDED TO CUSTODY:
**T** ☐ ON BOND POSTED $_____                          ☒ WITHOUT BAIL
**A** ☐ ON OWN RECOGNIZANCE                            ☐ WITH BAIL SET AT $_____
**T** ☐ ON PROBATION
**U**
**S**                      ☐ DEFENDANT ORDERED RELEASED FROM CUSTODY

**H** ☐ DEFENDANT WAIVES STATUTORY TIME FOR PRONOUNCEMENT OF JUDGMENT
**R**
**N** _____ CONTINUED TO/SET FOR _____ AT _____ M IN DEPT. _____ ON MOTION OF
**G** COURT/DDA/DEFENDANT/PROBATION OFFICER. REASON:
**S** ☐ DEFENDANT REFERRED FOR DIAGNOSTIC EVALUATION PER PC 1203.03. FURTHER HEARING SET FOR _____ AT _____ M IN DEPT. _____

**W** ☒ BENCH WARRANT TO ISSUE, BAIL SET AT $_____ SERVICE WITHHELD TO _____.
**R** ☐ BENCH WARRANT, ISSUED _____ IS RECALLED.
**N** ☐ BOND FORFEITED. BOND AMOUNT _____, BOND NO. _____, BOND COMPANY _____, AGENT _____
**T** ☐ BOND IS EXONERATED.
**S**

☐ PROCEEDINGS SUSPENDED PER: ☐ PC 1368, MENTAL COMPETENCY. (SEE BELOW FOR DATES OF EXAMINATION AND HEARING.)
             ☐ W&I 3051 ADDICTION OR DANGER OF ADDICTION. (SEE BELOW FOR DATE OF SERVICE OF PETITION AND ORDER.)

OTHER:  ☐ REFERRED TO DEPT. OF REVENUE AND RECOVERY    ☒ REPORT TO REGISTRAR OF VOTERS   ☐ DMV ABSTRACT

ct 1        15 yrs - life        Zaida Beattie add. the ct.
2022(a)(1)  1 yr  consu
total       16 yrs - life

                                        Amendment/Supplement
                                        Page 24 of 38

CRIMINAL MINUTES - REGULAR

# ADDENDUM 'B'

**SUMMARY: Summary of Grounds Raised Through State.**

## SUPERIOR COURT GROUND(S) RAISED

### Ground 1.

THE BOARD OF PAROLE HEARINGS ILLEGALLY USED PENAL CODE
SECTION §3041(b) [THE EXCEPTION] TO FIND PETITIONER
UNSUITABLE FOR PAROLE.  AS THERE IS NOT A MODICUM OF
EVIDENCE THAT PETITIONER IS A CURRENT THREAT TO SOCIETY
OR OTHERWISE UNSUITABLE FOR PAROLE THE DECISION WAS
ARBITRARY AND CAPRICIOUS VIOLATING PETITIONER'S STATE
AND FEDERAL DUE PROCESS RIGHTS. (in sum... Due Process
violation for lack of supporting evidence).

### Ground 2.

PETITIONER'S RIGHT TO HAVE SEPARATELY STATED AND SPECIFICALLY
DIRECTED (SEPARATE AND DISTINCT) REASONS WHEN GIVEN A MULTI-
YEAR DENIAL WAS NOT PROTECTED BY THE BPH IN VIOLATION OF HIS
STATE AND FEDERAL CONSTITUTIONAL DUE PROCESS PROTECTIONS AND
CONTRADICTORY OF LEGISLATIVE INTENT OF PENAL CODE §3041.5
(b)(2).

## APPELLATE COURT GROUND(S)

### Ground 1.

THE SUPERIOR COURT ERRED BY FAILING TO ADDRESS THE ISSUE
OF LACK OF INDIVIDUAL ASSESSMENT OF PETITIONER'S CURRENT
THREAT TO SOCIETY WHICH IS THE ONLY CRITERIA ALLOWED
UNDER PENAL CODE §3041(b) FOR A FINDING OF UNSUITABITITY
FOR PAROLE.

### Ground 2.

PETITIONER'S RIGHT TO HAVE SEPARATELY STATED AND SPECIFICALLY
DIRECTED (SEPARATE AND DISTINCT) REASONS WHEN GIVEN A MULTI-
YEAR DENIAL WAS NOT PROTECTED BY THE BPH IN VIOLATION OF HIS
STATE AND FEDERAL CONSTITUTIONAL DUE PROCESS PROTECTIONS AND
CONTRADICTORY OF THE LEGISLATIVE INTENT OF PENAL CODE §3041.5
(b)(2).

## SUPREME COURT QUESTIONS RAISED

### Question 1.

IS THE BOARD OF PAROLE HEARINGS VIOLATING PETITIONER'S
STATE AND FEDERAL DUE PROCESS RIGHTS WHEN PAROLE SUITABILITY
DETERMINATIONS ARE NOT SUPPORTED BY "SOME EVIDENCE", HAVING
THE NECESSARY FEDERALLY DEFINED INDICIA of RELIABILITY AND
WAS THE "SOME EVIDENCE" STANDARD CORRECTLY APPLIED IN THIS
CASE?

## SUPREME COURT QUESTIONS RAISED (Cont.)

### Question 2.

CAN THE CALIFORNIA PAROLE BOARD DENY PAROLE TO A PRISONER
BASED ON THE GRAVITY, i.e. SERIOUSNESS, OF THEIR COMMITMENT
OFFENSE AFTER THEY SERVED A PENAL CODE §3041(a) / CCR TITLE
15 §2403 or §2282 UNIFORM TERM EQUAL TO THE GRAVITY OF THEIR
CRIME, WHEN THE PRISONER HAS BEEN DISCIPLINARY FREE FOR OVER
6+ YEARS, HAS PARTICIPATED IN REHABILITATION TYPE PROGRAMS,
WHILE IN PRISON, HAS AN OVERALL POSITIVE PRISON PROGRAM, WITH
POSITIVE CDC COUNSELOR AND PSYCHOLOGICAL EVALUATIONS?

### Question 3.

DOES THE BOARD'S FOURTEEN YEAR RECORD OF DENYING PAROLE TO
WELL OVER 90% OF APPEARING INMATES REFLECT BOTH A CONSTITUTIONAL
APPLICATION OF PENAL CODE §3041, SUBSECTION (a) and (b), AND
CONFORMITY WITH THIS COURT'S HOLDING IN **In re Rosenkrantz** (2002)
20 Cal. 4th 616, 683, THAT THE BOARD SHALL NORMALLY GRANT
PAROLE, OR DOES IT MATHEMATICALLY REFLECT A SYSTEMATIC BIAS BY
THE BOARD AGAINST GRANTING PAROLE?

### Question 4.

CAN THE BOARD IGNORE THE UNITED STATES SUPREME COURT MANDATES
OF **Blakely -v- Washington** (2004) ___ U.S. ___,124 S.Ct. 2531,
159 L.Ed. 2d 403, (DJDAR 7581) AND PUNISH A PRISONER BY
REDEFINING THEIR OFFENSE AS PARTICULARLY EGREGIOUS AND THEREFORE
INCLUDING CRIME ELEMENTS WHICH DEFINE IT AS ONE OF A HIGHER
DEGREE NOT FOUND BY A JURY WITHOUT VIOLATING PETITIONER'S STATE
AND FEDERAL RIGHT TO DUE PROCESS?

# ADDENDUM 'C'

**SUMMARY: Superior Court Denying Relief.**

JUL 2 5 2006

C. KOGER

## IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA
## IN AND FOR THE COUNTY OF SAN DIEGO

IN THE MATTER OF THE APPLICATION OF:     )     HCN 0858
                                                       )     CRN 20484
                                                       )

JEFFREY HAMMONS,                               )
                                           )     ORDER DENYING
                     Petitioner.                 )     PETITION FOR WRIT OF
                                           )     HABEAS CORPUS

THIS COURT, HAVING READ THE PETITION FOR WRIT OF HABEAS CORPUS, AND THE FILE IN THE ABOVE CAPTIONED MATTER, FINDS AS FOLLOWS:

In 1992 Petitioner was sentenced to sixteen years to life with the possibility of parole after a jury found him guilty of Penal Code Sections 187(a), second degree murder, with a firearm enhancement pursuant to Penal Code Section 12022(a)(1). Petitioner's most recent parole consideration hearing was held on October 4, 2005. Parole was denied on that occasion.

Petitioner now asserts that the Board of Prison Terms (BPT) has improperly failed to grant him a release date at his most recent parole eligibility hearing. Petitioner asserts that the BPT improperly failed to consider any current or recent evidence regarding his present dangerousness. Petitioner contends that the Board has based its decision almost entirely on his commitment offense. Petitioner asserts that any murder case could be characterized as involving a callous disregard for human suffering. He asserts that the offense must be particularly egregious compared to other murder cases before the Board can deny

Amendment/Supplement
Page 29 of 38

parole based on this.

"Courts must not second-guess the Board's evidentiary findings. (Powell, supra, 45 Cal.3d at p. 904.) However, it is the proper function of judicial review to ensure that the Board has honored in a "practical sense" the applicant's right to "due consideration." (Sturm, supra, 11 Cal.3d at p. 268.) This function is best served by examining the Board's parole suitability rulings under a deferential abuse of discretion standard. The Board's decision should not be disturbed unless it has acted arbitrarily or capriciously. Particular deference must be accorded to the Board's factual determinations, which need only be supported by some evidence." In re Ramirez (2001) 94 Cal.App.4th 549, 564.

"When interpreting parole legislation in particular, we regard the traditional understanding that, once the Board has considered all relevant information and criteria, its authority over parole decisions is extremely broad. Indeed, the "'[Board's] discretion in parole matters has been described as "great" [citation] and "almost unlimited" [citation].'" (In re Rosenkrantz (2002) 29 Cal.4th 616, 655 [128 Cal. Rptr. 2d 104, 59 P.3d 174] (Rosenkrantz), quoting In re Powell (1988) 45 Cal.3d 894, 902 [248 Cal. Rptr. 431, 755 P.2d 881].)" In re Dannenberg (2005) 34 Cal. 4th 1061, 1082.

In In re Ramirez (2001) 94 Cal.App.4th 549 the Petitioner was denied a parole release date after numerous hearings. The appellate Court found that the denial was arbitrary and capricious because the BPT considered only Petitioner's commitment offense and failed to consider Petitioner's performance in custody or his progress as noted in a psychological report. However, the appellate Court also found the trial Court erred by reconsidering the evidence instead of remanding the matter to the BPT to hold another hearing where it would consider the factors it had previously failed to consider.

Here Petitioner is unlike Ramirez. The BPT considered many factors and did not focus solely on his murder offense. Specifically, the BPT considered Petitioner had not fully dealt with the anger issues that caused his commitment offense. Petitioner has failed to remain disciplinary free during his incarceration in that he had two write-ups for mutual combat, one in 1997 and the other in 1999. Petitioner's parole plans are also inadequate. Petitioner has no specific plans if he is paroled in California and some vague plans involving family which apply only if he is paroled to Kentucky.

Petitioner presented no letters regarding potential employment or residence if paroled and no letters from family members, though there were letters from family at his previous parole hearing.

Further, though both the psychological evaluation and the BPT fail to state this as a ground for denial, Petitioner's statement in the psychological evaluation and before the BPT indicate that he continues to place some responsibility with the victim and fails to accept complete responsibility for his acts.

Because the BPT clearly considered legitimate factors other than Petitioner's commitment offense, this petition is denied. Petitioner has failed to make a prima facie showing of specific facts which would entitle him to habeas corpus relief under existing law.   In re Hochberg (1970) 2 Cal.3d 870, 875 fn 4. As such, the Petition for Writ of Habeas Corpus is hereby denied.

IT IS SO ORDERED.

DATED: ___JUL 2 5 2006___

JOAN P. WEBER

_____

JOAN P. WEBER
JUDGE OF THE SUPERIOR COURT

# ADDENDUM 'D'

**SUMMARY: California 4th Dist. Court of Appeals Div. 1 Order Denying Relief.**

**ADDENDUM 'D'**

COURT OF APPEAL - FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

FILED
Stephen M. Kelly, Clerk
NOV 0 7 2006
Court of Appeal Fourth District

| | |
|---|---|
| In re JEFFREY HAMMONS | D049287 |
| on | (San Diego County Super. Ct. No. HCN0858) |
| Habeas Corpus. | |

THE COURT:

  The petition for writ of habeas corpus has been read and considered by Justices Nares, Haller and McDonald.

  In 1992, a jury convicted Jeffrey Hammons of second degree murder with a firearm enhancement. The trial court sentenced him to an indeterminate term of 16 years to life with the possibility of parole. At an October 2005 parole consideration hearing, the Department of Corrections and Rehabilitation (Department) found Hammons unsuitable for parole. The Department based its decision on the nature of the commitment offense. The Department also considered Hammons's disciplinary infractions while in prison, his lack of participation in anger management courses, and uncertain parole plans.

  Hammons challenges the evidence supporting the finding that he is unsuitable for parole, and contends the Department did not consider any current or recent evidence concerning his present dangerousness but based its decision almost entirely on the commitment offense. He claims his psychological report indicates he does not present a danger to the community.

  The Department must grant parole unless it determines that public safety requires a more lengthy period of incarceration for the individual because of the gravity of the offense underlying the conviction (Pen. Code, § 3041, subd. (b)). "[P]arole applicants in this state have an expectation that they will be granted parole unless the [Department] finds, in the exercise of its discretion, that they are unsuitable for parole in light of the

circumstances specified by statute and by regulation." (*In re Rosenkrantz* (2002) 29 Cal.4th 616, 653 (*Rosenkrantz*).)

"[T]he judicial branch is authorized to review the factual basis of a decision of the [Department] denying parole in order to ensure that the decision comports with the requirements of due process of law, but that in conducting such a review, the court may inquire only whether some evidence in the record before the [Department] supports the decision to deny parole, based upon the factors specified by statute and regulation." (*Rosenkrantz, supra*, 29 Cal.4th at p. 658.) "Only a modicum of evidence is required." (*Id.* at p. 677.) "It is irrelevant that a court might determine that evidence in the record tending to establish suitability for parole far outweighs evidence demonstrating unsuitability for parole." (*Ibid.*)

At the hearing, the Department properly considered Hammons's underlying commitment offense. (Cal. Code Regs., tit. 15, § 2402, subd. (c)(1).) The presiding commissioner read a statement of facts. On December 10, 1990, victim Carlos Santana, a prostitute, was found dead on a sidewalk. He had been shot, and suffered wounds to the neck and chest. At the parole hearing, Hammons explained to the commissioner that he approached Santana and asked Santana to orally copulate him. Hammons believed Santana was a woman because Santana wore women's clothing. Hammons discovered Santana was a man, became upset and attempted to beat him. Santana escaped until Hammons found him 15 minutes later. Hammons then shot and killed Santana.

The nature of the prisoner's offense, alone, can constitute a sufficient basis for denying parole, so long as the Department does not fail to consider all other relevant factors. (*In re Ramirez* (2001) 94 Cal.App.4th 549, 569.) The Department must make a case-by-case ruling on parole suitability within the proportionality contemplated in Penal Code section 3041, subdivision (c). (*Rosenkrantz, supra*, 29 Cal.4th at p. 683.)

The facts of Hammons's crime are some evidence to support the Department's finding he is unsuitable for parole. He attempted to beat up an unarmed man and later shot and killed him. After Hammons shot the victim, he got into a car and drove away. The Department acknowledged his service as a Marine, lack of a criminal history, and participation in Alcoholics Anonymous. However, the Department noted Hammons had not remained discipline-free while in prison. He had received two disciplinary violations, the last one in 1999. The commissioner noted Hammons's offense was a crime of anger and Hammons, while in prison, had not participated in any anger management classes. The Department further urged he solidify his parole plans and provide documentation of his plans. Contrary to Hammons's contention, some evidence supports the decision of the Department.

Lastly, we do not address Hammons's arguments concerning the superior court's order denying his petition in that court. (See *In re Clark* (1993) 5 Cal.4th 750, 767, fn. 7.)

The petition is denied.

*Haller*

HALLER, Acting P. J.

Copies to:  All parties

# ADDENDUM 'E'

**SUMMARY: California Supreme Court 1-Line Denying Order.**

Court of Appeal, Fourth Appellate District, Div. 1 - No. D049287
**S148201**

# IN THE SUPREME COURT OF CALIFORNIA

### En Banc

In re JEFFREY HAMMONS on Habeas Corpus

Petition for review DENIED.

SUPREME COURT
**FILED**

FEB 1 4 2007

Frederick K. Ohlrich Clerk

DEPUTY

GEORGE

Chief Justice

**PROOF OF SERVICE BY MAIL**

1  

2  I declare that:

3  I, Jeffrey Hammons, H-23227, am a resident of the State of California,

4  County of Monterey.  I am over the age of 18 years and I am party to the

5  within action.  My residence address is P.O. Box 689, Soledad, California,

6  93960-0689.

7  On April _25_, 2007 I served the forgoing Petition of Writ for Habeas

8  Corpus by a Person in State Custody  28 U.S.C. §2254 with Additional

9  Amendment/Supplement on the parties listed below by  placing a true copy

10  thereof enclosed in a sealed envelope with postage fully prepaid in the

11  United States mail at Soledad, California, addressed as follows:

12  ATTN: Clerk of the Court (Intake/Docket Sect.) (Original & Two (2) Copies)
   C/O U.S. District Court-Central Dist. of Calif.
13  United States Courthouse
   312 North Spring Street
14  Los Angeles, California  90012

15  Jerry Brown, Attorney General, et al, (One (1) Copy)
   Office of the California Attorney General
16  P.O. Box 85266
   San Diego, California  92186-5266
17  

18  There is regular delivery service by U.S. Postal Services between the place

19  of mailing and the places addressed.

20  I declare under penalty of perjury under the laws of the State of

21  California that the foregoing is true and correct.

22  Executed this _25_ day of April, 2007 at Soledad, California.

23  

24                                    _J. T. Hammons_
                                    Jeffrey Hammons
25                                    Declarant/Affiant

26  

27  

28

Case Number:_____

# CERTIFICATE OF FUNDS
## IN
## PRISONER'S ACCOUNT

I certify that attached is a true and correct copy of the

prisoner's trust account statement showing transactions of

<u>Hammons, J. #H23227</u>___ for the last six months
(prisoner name)

at <u>CORRECTIONAL TRAINING FACILITY-SOLEDAD</u> where
(name of institution)

(s)he is confined.

I further certify that the average deposits each month to this

prisoner's account for the most recent 6-month period were

$ <u>22.98</u>___ and the average balance in the prisoner's account

each month for the most recent 6-month period was $ <u>35.74</u>___.

Dated: <u>6-4-01</u>___          _____
                                 Authorized officer of the institution



THE WITHIN INSTRUMENT IS A CORRECT
COPY OF THE TRUST ACCOUNT MAINTAINED
BY THIS OFFICE.
ATTEST:
CALIFORNIA DEPARTMENT OF CORRECTIONS
BY:
     TRUST OFFICE

```
                                              REPORT DATE: 06/04/07
ORT ID: TS3030                                    PAGE NO:        1


                    CALIFORNIA DEPARTMENT OF CORRECTIONS
                      CTF SOLEDAD/TRUST ACCOUNTING
                      INMATE TRUST ACCOUNTING SYSTEM
                      INMATE TRUST ACCOUNT STATEMENT


              FOR THE PERIOD: DEC. 01, 2006 THRU JUN. 04, 2007


CCOUNT NUMBER : H23227              BED/CELL NUMBER: CFGWT2000000259AU
CCOUNT NAME   : HAMMONS, JEFFREY T     ACCOUNT TYPE: I
RIVILEGE GROUP: A
                         TRUST ACCOUNT ACTIVITY
```

|  TRAN |  |  |  |  |  |  |
|---|---|---|---|---|---|---|
| DATE | CODE | DESCRIPTION | COMMENT | CHECK NUM | DEPOSITS | WITHDRAWALS | BALANCE |

```
       TRAN
DATE   CODE  DESCRIPTION    COMMENT   CHECK NUM  DEPOSITS    WITHDRAWALS    BALANCE
-----  ----  -----------    -------   ---------  --------    -----------    -------

                                                                           30.00
12/01/2006   BEGINNING BALANCE
                                                               30.00        0.00
12/12 FC01 DRAW-FAC 1    1673    M/L
       ACTIVITY FOR 2007                                        7.25-       7.25
01/06 FR01 CANTEEN RETUR 601948                   30.00                    37.25
01/10 D300 CASH DEPOSIT  1995 8905                15.00                    52.25
01/10 D300 CASH DEPOSIT  1995 8905                10.00                    62.25
01/30 D300 CASH DEPOSIT  2202 8857                10.00                    72.25
01/31 D310 CHECK DEPOSIT 2201 8856                25.00                    97.25
02/01 D300 CASH DEPOSIT  2234 8861                             87.25       10.00
02/07 FC01 DRAW-FAC 1    2295 ML                                           60.00
02/09 D300 CASH DEPOSIT  2330 8786                50.00                    90.00
02/22 D300 CASH DEPOSIT  2472 8666                30.00                     0.00
03/12 FC01 DRAW-FAC 1    2641 ML                              90.00        25.00
03/26 D300 CASH DEPOSIT  2866 5419                25.00                    55.00
04/18 D300 CASH DEPOSIT  3142 5585                30.00                     0.00
05/07 FC01 DRAW-FAC 1    3330 ML                             55.00         25.00
05/23 D300 CASH DEPOSIT  3551 74297               25.00                    22.21
05/26 W512 LEGAL POSTAGE 3594 LPOST                           2.79
```

```
                         TRUST ACCOUNT SUMMARY
```

| BEGINNING BALANCE | TOTAL DEPOSITS | TOTAL WITHDRAWALS | CURRENT BALANCE | HOLDS BALANCE | TRANSACTIONS TO BE POSTED |
|---|---|---|---|---|---|
| 30.00 | 250.00 | 257.79 | 22.21 | 0.00 | 0.00 |

```
                                                  CURRENT
                                                 AVAILABLE
                                                  BALANCE
                                                 ---------
                                                   22.21
```

THE WITHIN INSTRUMENT IS A CORRECT
COPY OF THE TRUST ACCOUNT MAINTAINED
BY THIS OFFICE.
ATTEST:
CALIFORNIA DEPARTMENT OF CORRECTIONS
BY
        TRUST OFFICE

