# EXHIBIT 5

1  JEFFREY HAMMONS  H-23227
   P.O. BOX 689     GW-259A-up
2  SOLEDAD, CA  93960-0689
        in pro per

3

4

5              SUPERIOR COURT OF CALIFORNIA

6           IN AND FOR THE COUNTY SAN DIEGO

7

8

9  JEFFREY HAMMONS            )  Case No.: HC N 858
      Petitioner,            )
10                            )  PETITION FOR WRIT OF HABEAS
                             )  CORPUS
11        v.                  )
                             )
12  A.P. KANE, WARDEN (A), et al,  )
       Respondent            )
13                            )
                             )
14                            )
                             )
15                            )
                             )
16                            )
                             )
17

18

19

20

21

22

23

24

25

26  ORIGINAL

27

28

                    -1-

2006 MAY 26  AM 10: 20

CLERK, SUPERIOR COURT
SAN DIEGO, CA

# TABLE OF CONTENTS

**TITLE**                                                    **PAGE**

Cover ———————————————————————— 1

Table of Contents ————————————————— 2

Points and Authorities ————————————— 3-4

Judicial MC-275 ————————————————— 5-19
       Ground 1 ——————————————— 7-14
       Ground 2 —————————————— 15-17

Conclusion ——————————————————— 20

Prayer for Relief ———————————————— 20

Proof of Service by Mail ————————————— 21

Exhibit 'A'
   (Hearing Transcript 2005) —————————— 22-86

Exhibit 'B'
   (Psychological Evaluation) —————————— 87-92

Exhibit 'C'
  Life Prisoner Evaluation Report (LPER) ————— 93-104

Exhibit 'D'
(Previous Decisions 2001) ——————————— 105-114

Exhibit 'E'
(Abstract of Judgement / Minute Order) ————— 115-120

# TABLE OF AUTHORITIES

AUTHORITY                                                    PAGE

## CONSTITUTIONAL AUTHORITIES

U.S. CONSTITUTION, AMENDMENT 7, 14 ———————— Passim

CALIFORNIA CONSTITUTION, ARTICLE I, SECTIONS 7, 15 ——— Passim

## FEDERAL CASE LAW

Biggs v. Terhune, (2003 9th Cir.) ————————————— Passim
334 F.3d 910
Greenholtz v. United States ————————————————— 13
(1979) 442 U.S. 1
McQuillion v. Ducan, (9th Cir.) ————————————————— 8, 9
306 F.3d 895

## STATE CASE LAW

California v. Morales, (1975) ———————————————— 16, 17
115 S.Ct. 1597
In re Capistran, (2003) ——————————————————— 16, 17
107 Cal.App.4th 1299
In re Caswell, (10/10/01) —————————————————— 16, 17
92 Cal.App.4th 1017
In re Jackson, (1985) ——————————————————— 16, 17
39 Cal.App.3rd 464
In re Minnis, ——————————————————————— 9
7 Cal.3d at p. 647
In re Norman Morrall, (2002) ————————————————— Passim
102 Cal.App.4th 280
In re Edward Ramirez, (2001); ————————————————— Passim
94 Cal.App.4th 549
In re Rodriguez, —————————————————————— 16, 17
(1975) 14 C.3d 639
In re Rosenkrantz (2002) —————————————————— 8, 9
29 Cal.App.4th 659
In re Rosenkrantz, ————————————————————— 16, 17
95 Cal.App.4th 358
In re George Scott —————————————————————— 8, 11
119 Cal.App.4th
In re Mark Smith, (2003) ——————————————————— 8
Cal.App.4th 343

## TABLE OF AUTHORITIES PAGE 2

PENAL CODE                                                    PAGE

§ 3000(b)(1) ——————————————————— 8

§ 3041(a) ——————————————————— 13

§ 3041(b) ——————————————————— 8,9

§ 3041.5 ——————————————————— 8,9,12

§ 3041.5(b)(2) ——————————————————— 16

§ 5076.2 ——————————————————— 16

## CALIFORNIA CODE of REGULATIONS

CCR SECTION                                                   PAGE

CCR § 2000(b) (48) [Good Cause] ————————— 16,17

CCR § 2000(b) (61) [Material Evidence] ————————— 16,17

CCR § 2000(b) (89) [Relevant Evidence] ————————— 16,17

CCR § 2400 et seq. ——————————————————— 16,17

§ 2282(a) ——————————————————— 11

§ 2402(a) ——————————————————— 9

§ 2402(c)(1)(D) ——————————————————— 11

§ 2403(c) ——————————————————— 9,12

§ 3375.2(7)(A) ——————————————————— 11

Name _Jeffrey Hammons_ _____

Address _P.O. Box 689    GW-259A-up_

_Soledad, California_

_93960-0689_

CDC or ID Number _H-23227_

(IN PRO PER)

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SAN DIEGO
*(Court)*

| | |
|---|---|
| Jeffrey Hammons<br>Petitioner<br><br>vs.<br><br>A. P. KANE, WARDEN (A), et al,<br>Respondent | PETITION FOR WRIT OF HABEAS CORPUS<br><br>No. _____<br><br>*(To be supplied by the Clerk of the Court)* |

## INSTRUCTIONS — READ CAREFULLY

- If you are challenging an order of commitment or a criminal conviction and are filing this petition in the Superior Court, you should file it in the county that made the order.

- If you are challenging the conditions of your confinement and are filing this petition in the Superior Court, you should file it in the county in which you are confined.

- Read the entire form *before* answering any questions.

- This petition must be clearly handwritten in ink or typed. You should exercise care to make sure all answers are true and correct. Because the petition includes a verification, the making of a statement that you know is false may result in a conviction for perjury.

- Answer all applicable questions in the proper spaces. If you need additional space, add an extra page and indicate that your answer is "continued on additional page."

- If you are filing this petition in the Superior Court, you need file only the original unless local rules require additional copies. Many courts require more copies.

- If you are filing this petition in the Court of Appeal, file the original and four copies.

- If you are filing this petition in the California Supreme Court, file the original and thirteen copies.

- Notify the Clerk of the Court in writing if you change your address after filing your petition.

- In most cases, the law requires service of a copy of the petition on the district attorney, city attorney, or city prosecutor. See Penal Code section 1475 and Government Code section 72193. You may serve the copy by mail.

Approved by the Judicial Council of California for use under Rules 56.5 and 201(h)(1) of the California Rules of Court [as amended effective January 1, 1999]. Subsequent amendments to Rule 44(b) may change the number of copies to be furnished the Supreme Court and Court of Appeal.

This petition concerns:

- [ ] A conviction
- [XX] Parole
- [ ] A sentence
- [ ] Credits
- [ ] Jail or prison conditions
- [ ] Prison discipline
- [ ] Other (specify): _____

1. Your name: Jeffrey Hammons

2. Where are you incarcerated? Correctional Training Facility, Soledad, CA

3. Why are you in custody? [XX] Criminal Conviction   [ ] Civil Commitment

   *Answer subdivisions a. through i. to the best of your ability.*

   a. State reason for civil commitment or, if criminal conviction, state nature of offense and enhancements (for example, "robbery with use of a deadly weapon").

      2nd Degree Murder with Gun Use.

   b. Penal or other code sections: §§ 187(A), 12022(a)(1)

   c. Name and location of sentencing or committing court: SAN DIEGO SUPERIOR COURT

      325 S. Melrose, Vista, CA 92083-6627

   d. Case number: CRN20484

   e. Date convicted or committed: On or about 12/4/1991

   f. Date sentenced: 01-21-1992

   g. Length of sentence: 16 years to Life (Determinate 1 year, and 15 to life)

   h. When do you expect to be released? Should have been released on April 20, 2002

   i. Were you represented by counsel in the trial court? [XX] Yes.   [ ] No.   If yes, state the attorney's name and address:

      David Rawson

      1284 Cinchona Street, Vista, CA 92083

4. What was the LAST plea you entered? *(check one)*

   [XX] Not guilty   [ ] Guilty   [ ] Nolo Contendere   [ ] Other: _____

5. If you pleaded not guilty, what kind of trial did you have?

   [XX] Jury   [ ] Judge without a jury   [ ] Submitted on transcript   [ ] Awaiting trial

6.  GROUNDS FOR RELIEF
    Ground 1: State briefly the ground on which you base your claim for relief. For example, "the trial court imposed an illegal
    enhancement." *(If you have additional grounds for relief, use a separate page for each ground. State ground 2 on page four. For
    additional grounds, make copies of page four and number the additional grounds in order.)*

    _____ SEE ATTACHED _____

    _____

    _____

    _____

    a.  Supporting facts:
        Tell your story briefly without citing cases or law. If you are challenging the legality of your conviction, describe the facts upon
        which your conviction is based. *If necessary, attach additional pages.* CAUTION: You must state facts, not conclusions. For
        example, if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or
        failed to do and how that affected your trial. Failure to allege sufficient facts will result in the denial of your petition. (See *In re
        Swain* (1949) 34 Cal.2d 300, 304.) A rule of thumb to follow is: who did exactly *what* to violate your rights at what time *(when)* or
        place *(where)*. *(If available, attach declarations, relevant records, transcripts, or other documents supporting your claim.)*

        _____ SEE ATTACHED _____

        _____

        _____

        _____

        _____

        _____

        _____

        _____

        _____

        _____

        _____

    b.  Supporting cases, rules, or other authority (optional):
        *(Briefly discuss, or list by name and citation, the cases or other authorities that you think are relevant to your claim. If necessary,
        attach an extra page.)*

        _____ SEE ATTACHED _____

        _____

        _____

        _____

**THE BOARD OF PRISON TERMS ILLEGALLY USED PENAL CODE SECTION 3041(b) [THE EXCEPTION] TO FIND PETITIONER UNSUITABLE FOR PAROLE. AS THERE IS NOT A MODICUM OF EVIDENCE THAT PETITIONER IS A <u>CURRENT</u> THREAT TO SOCIETY OR OTHERWISE UNSUITABLE FOR PAROLE THE DECISION WAS ARBITRARY AND CAPRICIOUS VIOLATING PETITIONER'S STATE AND FEDERAL DUE PROCESS RIGHTS.**

On October 4, 2005, Petitioner Jeffrey Hammons, H-23227 (hereinafter "Petitioner"), was provided a Life Term Parole Consideration Hearing before the Board of Parole Hearings (hereinafter "Board", "BPH", or "Panel"); Please refer to Exhibit 'A' which is the Hearing Transcript (hereinafter "HT" or "Transcript"). Said Hearing was Petitioner's second (2nd) parole suitability hearing. Petitioner's Minimum Eligible Parole Date (hereinafter "MEPD"), was April 20, 2002. [1] The purpose of this Board hearing was for the setting of Petitioner's term uniformly [2] to his offense and for a finding of suitability for parole (See Penal Code § 3041.5; In re Edward Ramirez, 94 Cal.App.4th 541 (2001); McQuillion v. Ducan, (9th Cir.) 306 F.3d 895; In re Norman Morrall, (2002) 102 Cal.App.4th 280; In re Rosenkrantz, (2002) 29 Cal.App.4th 660; In re Mark Smith, (2003) Cal.App.4th 343; and the recent Biggs v. Terhune, (2003 9th Cir.) 334 F.3d 910.

The result of this Board hearing was an erroneous and unlawful finding of unsuitability and a release date was not set. Instead, Petitioner was given a two (2) year denial and did not appeal this decision through the administrative remedy because the Board has eliminated the BPH Appeals Unit and no longer allows for the filing of administrative appeals on BPH denials

---

1 – The Court of Appeal in In re George Scott, (2004) 119 Cal.App.4th 871, reaffirmed the rationale of the Ramirez and Smith Courts when it declared "...parole is the rule, rather than the exception, and conviction for second degree murder does not automatically render one unsuitable. (In re Smith, (2003) 114 Cal.App.4th 343. 366). In re Ramirez, supra, 94 Cal.App.4th 549 ...[a]ll violent crimes demonstrate the perpetrator's potential for posing a grave risk to public safety, yet parole is mandatory for violent felons serving determinate sentences. Penal Code § 3000 subd. (b)(1).) And the Legislature has clearly expressed its intent that when murders – who are the great majority of inmates serving indeterminate sentences – approach their minimum eligible parole date, the Board shall normally set a parole release date..." (id. at p. 570).

2. – The Court of Appeal on June 24, 2004, in In re George Scott, supra, 119 Cal.App.4th at 887 fn. 7, also reaffirmed the Legislative Intent of Uniform terms by stating: "The first two sentences of the DSL declare 'that the purpose' of imprisonment for a crime is punishment' and that [t]his purpose is best served by terms proportionate to the seriousness of the offense with provisions for uniformity in the sentences of offenders committing the same offense under similar circumstances. (Penal Code § 1170, subd. (a)(1).) Nothing in the DSL or its legislative history suggests that uniformity was limited to those serving determinate terms. Penal Code § 3041 shows that this interest does extend to individuals such as [this Petitioner] who are serving indeterminate life terms. (Id., citing Ramirez, supra 94 Cal.App.4th at 559).

1  of parole for indeterminately sentenced prisoners such as Petitioner. Petitioner submits that the

2  Board's regulation, that is the California Code of Regulations (hereinafter "CCR"), § 2402(a)

3  **DEMANDS that the Board set a release date unless Petitioner CURRENTLY presents an**

4  **unreasonable risk of danger to the public.** Petitioner submits that the representing District

5  Attorney did not provide any new and/or additional evidence whatsoever that Petitioner is an

6  unreasonable risk of danger to the public or otherwise unsuitable for parole.

7      Additionally, Petitioner submits that the Board speaks in meaningless generalities and fails

8  to address the exact nature of Petitioner's CURRENT character. By not doing so, the Board

9  violated the intent and spirit of Penal Code (hereinafter "PC"), § 3041.5 [3] and In re Ramirez,

10  supra, which dictates that the Board shall normally set a parole release date. (citing Biggs v.

11  Terhune, supra).

12      The Court in Biggs, supra, held that the Board's continued use of the crime (or any other

13  unchanging circumstances) as a basis for denial of parole when Petitioner's Institutional

14  Behavior remains exemplary may be a violation of both State and Federal Due Process.

15      For the past six (6) years, Petitioner has had no occurrence of serious or violent disciplinary

16  action, thus exemplifying himself as a model prisoner. Petitioner seeks acknowledgment of the

17  facts that since 1999, there has been thereafter a continuous six (6) year history free of any

18  disciplinary action or occurrence. Petitioner submits that the Board's failure to uniformly

19  measure his offense and set his term proportionately to others similarly situated and to find him

20  suitable for parole violates both State and Federal due Process. Also, the current policy of the

21  Board, which will be discussed more fully infra, is the setting of a parole date which is all too

22  often the exception rather than the norm, and thus violates Petitioner's Liberty Interest that is

23  present in a parole date; In re Rosenkrantz, supra; McQuillion v. Ducan, supra; Biggs v.

24  Terhune, supra. At the Petitioner's board hearing the BPH relied solely on Petitioner's

25  [3] – There is no evidence that the crime is "particularly egregious" to justify the use of the exception clause of PC
26  § 3041(b); In re Norman Morrall, supra, the court concluded "[W]e agree that an inmate cannot be denied parole
    simply on the type of offense he committed." (See also In re Minnis, 7 Cal.3d at p. 647). To the contrary, it falls
    squarely in the Board's own proportionality matrix CCR § 2403(c) at axis III-B. Without post-conviction credits
27  Petitioner has served fourteen ( 14 ) years. Adding post conviction credits he has served 20 plus years, exceeding
    his matrix by one ( 1 ) year. There is no evidence that Petitioner is a current risk or threat to society and the
28  Board's conclusions are not supported by the record. (See Biggs, supra).

commitment offense and prior history to justify its unlawful finding of unsuitability. Beginning
at page 79 of Exhibit 'A', the HT, the Board stated:

> "After reviewing all of the information received from the public the panel has come to
> the conclusion that you're not yet suitable for parole and would pose an unreasonable
> risk of danger to society if released from prison" (Line 10-15)

> " I'm going to tell you rather than just going through the decision and having you have
> to wait that this is a two-year denial" (Line 15-18)

> "The first thing that we considered in coming to our decision was the Commitment
> offense" (Line 20-22)

In addition, and with regard to the Petitioner's suitability, the board erred in its conclusion
that Petitioner's Mental Health Evaluation was not supportive of release or that Petitioner
needed additional therapy. Petitioner's Psychiatric Reports have been much to the contrary.
Specifically, Dr. J. Steward, Psy.D. Clinical Psychologist, stated:

> "There is not any evidence of a thought disorder"

> "His judgement and impulse control is very good"

> "There does not appear to be evidence of personality disorder"

> "It is estimated that he has a very good prognosis for adjustment to the community"

> (See Exhibit 'B' pg.89 , Psychological Evaluation, Clinical Assessment)

Under "Assessment of Dangerousness" Dr. J Steward stated:

> "Inmate Hammon's violence potential within a controlled setting is considered below
> average relative the inmate population"

> "There was not any significant psychopathology observed during this interview that
> would indicate he is a serious risk to the community"

> "If released to the community, inmate Hammon's violence potential is considered to
> be no more than that of the average citizen" (Exhibit 'B' pg, 90-91)

And under "Observation/comments/Recommendations": Dr. J. Steward, Stated:

"Inmate Hammons does not have a mental health disorder which would necessitate

treatment, either during incarceration or following parole"

Additionally, the Board ignored that Petitioner has been deemed by the California

Department of corrections a **Model** prisoner with A-1-A status, and **Not** a threat to society, and

that Petitioner's crime is not "particularly egregious" (especially cruel and callous) by placing

Petitioner in a Level II prison setting. [d]

Also, in the Life Prisoner Evaluation Report (hereinafter "LPER") attached as Exhibit 'C',

Petitioner's Correctional Counselor, CC-I P. McPartlan, states:

"Considering the commitment offense, prior record and prison adjustments, this

writer believes that the prisoner would likely pose a moderate risk to the community

if released on parole. Hammons has remained disciplinary free for the last 5 ½ years.

During this period, Hammons continued to participate in Alcoholics Anonymous. He

is currently assigned to vocational welding" (Exhibit 'C' p. 97)

Again, in In re Norman G. Morrall, supra, the Court concluded; "A refusal to consider the

particular circumstances relevant to an inmate's individual suitability for parole would be

contrary to law." Moreover, the Court in Biggs, supra, addressed the Board's continued illegal

use of the crime and/or prior history to justify a denial of parole:

"... a continued reliance... on an unchanging factor, the circumstances of the

offense and conduct prior to imprisonment, runs contrary to the rehabilitative

goals espoused by the prison system and could result in a due process violation".

(Biggs, supra, 334 F.3d at 917).

---

4. California Code of Regulations, Title 15, section 3375.2 subd. (7)(A) states: "An inmate serving any life term
shall not be housed in a Level I or II facility if any of the following case factors are present: The Commitment
Offense involved... unusual violence...." And on June 24, 2004, the Court of Appeal in In re George Scott, supra,
119 Cal.App.4[th] at 892 fn. 11, found that the Board's regulations provide that even if the crime is "exceptionally
callous" an inmate may be found suitable for parole. The Court declared that "Under the Board regulations, base
terms for life prisoners are not calculated until after an inmate is deemed suitable for release. (§ 2282, subd. (a).)
The regulations therefore contemplate that an inmate may be deemed suitable for release even though his offense
demonstrated "exceptionally callous disregard for human suffering." (§ 2402, subd. (c)(1)(D).)" (Id)

In <u>Biggs</u>, supra, the appeal was pursuant to his initial suitability hearing. The Petitioner has now had two (2) Board hearings and submits that his most recent denial rests solely on the commitment offense, (as did his previous hearing in 2001, included herein as Exhibit 'D"), and therefore violates both State and Federal Due Process. Most importantly, there is no evidence that the public safety requires a lengthier period of incarceration (please refer to PC § 3041 (b)), in relation to other instances of the same crime please refer to PC § 3041.5.

Petitioner submits that understanding and perspective of the crime is compelled by the Board's own proportionality matrix (please refer to CCR Division 2, § 2403(c). The matrix scale and rating of the more common and routine variations of murder appear to a codification of when a crime of this nature can be more egregious than average.

Petitioner submits that his crime falls squarely in the matrix [category III-B, 18-19-20 years]. With post conviction credits, Petitioner has exceeded the maximum by more than one (1) year. The Board fails in any attempt to substantiate why Petitioner's crime is so heinous as to require that Petitioner be exempted time and time again from the general rule that a parole date shall normally be set; please see <u>In re Ramirez</u>, supra, wherein the court states:

> "The Board must weigh the inmate's criminal conduct not against ordinary
> social norms, but against other instances of the same crime or crimes. (<u>Ramirez</u>,
> supra; Cal.App.4[th] at p. 570).

Petitioner submits that the record is devoid of the Board making such a comparison. Similarly, Petitioner's Psychiatric Report evidence, like <u>Biggs</u>, supra, is supportive of release; contrary to the Board's erroneous and specious findings (please see Exhibit 'A' and 'B'). The court in <u>Biggs</u>, addressed the Board's illegal usage of needed therapy and other illegal reasons to justify a highly illegal denial, the Court concluded:

> "The record in this case and the transcript of Biggs' hearing before the Board
> clearly show that <u>many of the conclusions and factors relied upon by the Board
> were devoid of evidentiary basis.</u>" (<u>Biggs</u>, supra, 334 F.3d at p. 915)

The Court in <u>Biggs</u>, supra, went on to warn the Board that while there was "some evidence" to use the crime as a basis for denial at his <u>initial</u> hearing, the board's continued use

1   of the crime as a basis for continual denials would be a violation of Biggs Federal due process

2   rights. Petitioner submits that the Board's <u>sole</u> usage of the initial commitment offense and/or

3   prior social history, on a continual basis to deny him a parole date has violated his 5th and 14th

4   Amendment rights under the United States Constitution to not be deprived of his liberty.

5       "[T]o ensure that a state created parole scheme serves the public interest

6       purposes of rehabilitation and deterrence, the Parole Board must be cognizant

7       not only of the factors required by the state statute to be considered. but also the

8       concepts embodied in the <u>Constitution</u> requiring <u>due process of law</u>... "[Please

9       see e.g. in <u>Greenholtz</u>, 442 U.S. at 7-8.]." (<u>Biggs</u>, supra, 334 F.3d at p. 916)

10

11      "The Parole Board's sole supportable reliance on the gravity of the offense and

12      conduct prior to imprisonment to justify denial of Parole can be initially justified

13      as fulfilling the requirements set forth by state law. Over time however, should

14      Biggs continue to demonstrate exemplary behavior and evidence of

15      rehabilitation, <u>denying him a parole date simply because of the nature of his</u>

16      <u>offense and prior conduct would raise serious questions involving his liberty</u>

17      <u>interest in parole</u>...(Id)

18   Petitioner also submits that the Board has adopted an anti and/or no parole policy per se. or

19   a policy of under-inclusion demonstrating a policy of systematic bias; granting only an

20   approximate 232 parole dates out of over 11,000 parole hearings, thus violating the legislative

21   intent of PC § 3041(a) that; "...a parole date <u>shall normally</u> be set in a manner that will provide

22   <u>uniform</u> terms for offenders with crimes of similar gravity and magnitude...". And, violating

23   Petitioner's State and Federal due process rights as well (please see <u>In re Ramirez</u>, supra, at

24   page 565). Petitioner contends that the evidenced behavior by a quasi-judicial Board, of a

25   policy demonstrating an approximate 98.5% denial rate, supports the premise that such a policy

26   exists (i.e. anti and/or no parole policy of under-inclusion or systematic bias): this policy

27   violates the strictures of substantive due process.

28

1       The existence of said policy in denying parole may explain why the Board only grants

2   parole in less than two (2) percent of the cases it hears; it also explains the bias demonstrated in

3   the present case.

4       In this case, Petitioner's own circumstances, the Board's pronouncement of numerous

5   unlawful conclusions, not supported by the record, violates the process due to Petitioner under

6   the State and Federal Constitutions. Based upon the herein-demonstrated bias, the Board's

7   decision cannot be shielded by the "some evidence" standard. The only appropriate remedy is

8   an independent review.

9   //

10  //

11  //

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7. Ground 2 or Ground _____ *(if applicable):*

    SEE ATTACHED

a. Supporting facts:

    SEE ATTACHED

b. Supporting cases, rules, or other authority:

    SEE ATTACHED

PETITIONER'S RIGHT TO HAVE SEPARATELY STATED AND SPECIFICALLY DIRECTED (SEPARATE AND DISTINCT) REASONS WHEN GIVEN A MULTI-YEAR DENIAL WAS NOT PROTECTED BY THE BPH IN VIOLATION OF HIS STATE AND FEDERAL CONSTITUTIONAL DUE PROCESS PROTECTIONS AND CONTRADICTORY OF THE LEGISLATIVE INTENT OF PENAL CODE § 3041.5(b)(2).

1.  The statement of reasons for a multi-year denial must be a separate and distinct statement that is not a mere recital of the same reasons used to deny parole worded slightly differently.

2.  In denying Petitioner parole for a period of two (2) years, the BPH recited virtually the same reasons given for parole denial.

3.  The BPH's stated reason for parole denial was:

    "I'm going to tell you rather than just going through the decision and having you have to wait that this is a two-year denial." (Exhibit 'A' p. 79 lines 15-18)

4.  The BPH's stated reason for a multi-year denial was:

    "The other thing, and let me just say that this relates to the two years, rather than go through all of this a second time, obviously the crime relates to the two-year denial." (Exhibit 'A' p. 81 lines 14-18)

5.  The BPH's language for parole denial in paragraph 3 is virtually the same and/or synonymous as the language used for the multi-year denial in paragraph 4, thereby violating Petitioner's right to separate and distinct reasons given when a multi-year denial is imposed.

6.  The facts show the BPH used the same reasoning for both an unsuitability finding and a multi-year denial violating due process. Therefore, a multi-year denial is invalid.

7.  A multi-year denial can only be applicable when valid grounds exist to find Petitioner unsuitable for parole. Petitioner has adequately established in his argument ante that the BPH's reasoning for denying parole was unsubstantiated, lacking even "some evidence" that he is CURRENTLY an unreasonable risk to the public and was therefore arbitrary, capricious, lacked basis in fact, and/or was contrary to law.

Supporting cases:

"If the Legislature had intended a single statement of reasons to suffice for both the refusal to set a parole date and the decision to postpone annual review, it would not have enacted language specifically calling for a statement of reasons on the latter...Accordingly, this Court holds the Board to the Legislative requirement that its reasons for postponing a suitability hearing be separately stated and specifically directed to that question." In re Jackson, (1985) 39 Cal.App.3d 464

Penal Code § 3041.5(b)(2) that requires a separate and distinct statement that is not a mere recital of the same reasons used to deny parole worded slightly differently.

Penal Code § 5076.2

CCR § 2000(b) (48) [Good Cause]; (61) [Material Evidence]; [Relevant Evidence]

CCR § 2400 et seq.

California Constitution Article I §§ 7, 15 [Due Process]

U.S. Constitution Amendment 14 [Due Process]

In re Capistran, (2003) 107 Cal.App.4th 1299

In re Morrall, 102 Cal.App.4th 280

In re Rosenkrantz, 95 Cal.App.4th 358

In re Ramirez, 94 Cal.App.4th 549

In re Caswell, (10/10/01) 92 Cal.App.4th 1017

In re Rodriguez, (1975) 14 C.3d 639

California v. Morales, (1975) 115 S.Ct. 1597

//

//

//

8. Did you appeal from the conviction, ~~sentence~~, or commitment?    XX Yes.    ☐ .    If yes, give the following information:

   a. Name of court ("Court of Appeal" or "Appellate Dept. of Superior Court"):

     Court of Appeal, Fourth Appellate District, Division ONE

   b. Result: Denied                  c. Date of decision: 9/24/1993

   d. Case number or citation of opinion, if known: D016155

   e. Issues raised:  (1) Trial misconduct.

      (2) Improper Jury Instructions.

      (3) Prosecutorial Misconduct.

   f. Were you represented by counsel on appeal?    XX Yes.    ☐ No.  If yes, state the attorney's name and address, if known:

     Ms. Shawn O'Laughlin  5580 La Johha Blvd. Suite 11, LA Jolla, Ca 92037

9. Did you seek review in the California Supreme Court? ☐ Yes.  XX No.    If yes, give the following information:

   a. Result: _____    b. Date of decision: _____

   c. Case number or citation of opinion, if known: _____

   d. Issues raised:  (1) _____

      (2) _____

      (3) _____

10. If your petition makes a claim regarding your conviction, sentence, or commitment that you or your attorney did not make on appeal, explain why the claim was not made on appeal:

     Not Applicable

11. Administrative Review:

   a. If your petition concerns conditions of confinement or other claims for which there are administrative remedies, failure to exhaust administrative remedies may result in the denial of your petition, even if it is otherwise meritorious. (See *In re Muszalski* (1975) 52 Cal.App.3d 500 [125 Cal.Rptr. 286].) Explain what administrative review you sought or explain why you did not seek such review:

     Administrative Remedies have been exhausted.  "The Board of Parole

     Hearings (BPH) has eliminated the Appeals Unit and no longer allows

     for the filing of administrative appeals on BPH denials of parole

     for indeterminately sentenced prisoners such as Petitioner."

   b. Did you seek the highest level of administrative review available?    XX Yes.    ☐ No.

    *Attach documents that show you have exhausted your administrative remedies.*

12. Other than direct appeal, have you ~. any other petitions, applications, or motions w~ ~aspect to this conviction, commitment, or issue in any court? ☐ Yes. If yes, continue with number 13. ☒ No. If no, skip to number 15.

13. a. (1) Name of court: _____

    (2) Nature of proceeding (for example, "habeas corpus petition"): _____

    (3) Issues raised: (a) _____

        (b) _____

    (4) Result (Attach order or explain why unavailable): _____

    (5) Date of decision: _____

    b. (1) Name of court: _____

    (2) Nature of proceeding: _____

    (3) Issues raised: (a) _____

        (b) _____

    (4) Result (Attach order or explain why unavailable): _____

    (5) Date of decision: _____

    c. For additional prior petitions, applications, or motions, provide the same information on a separate page.

14. If any of the courts listed in number 13 held a hearing, state name of court, date of hearing, nature of hearing, and result:

_____

15. Explain any delay in the discovery of the claimed grounds for relief and in raising the claims in this petition. (See In re Swain (1949) 34 Cal.2d 300, 304.)       There is no delay

_____

16. Are you presently represented by counsel? ☐ Yes.  ☒ No. If yes, state the attorney's name and address, if known:

_____

17. Do you have any petition, appeal, or other matter pending in any court? ☐ Yes.  ☒ No. If yes, explain:

_____

18. If this petition might lawfully have been made to a lower court, state the circumstances justifying an application to this court:       This Court (Superior Court) is Sentencing Court with

Original Jurisdiction.

I, the undersigned, say: I am the petitioner in this action. I declare under penalty of perjury under the laws of the State of California that the foregoing allegations and statements are true and correct, except as to matters that are stated on my information and belief, and as to those matters, I believe them to be true.

Date: _May 22, 2006_       ▶ _J. T. Hammons_
                                        (SIGNATURE OF PETITIONER)

## CONCLUSION

The Board's decision was arbitrary and capricious. The Petitioner did not receive a fair hearing, nor will he ever.

Petitioner submits and contends that the finding of unsuitability was arbitrary and capricious:

1). Due to the Board carrying out it's political function of adhering to a no or anti-parole policy;

2). Due to the Board's acting contrary to the intent and spirit of PC § 3041 (a);

3). Due to basing its decisions on unsupported allegations; and

4). Due to the Board's refusal to adhere to aforementioned decisions and the controlling authorities.

## PRAYER FOR RELIEF

1.   Issue an Order to Show Cause on an expedited basis.

2.   Appoint Counsel.

3.   Conduct an Evidentiary Hearing.

4.   Order Petitioner's appearance before the Court.

5.   Order Petitioner taken back before the Board for a finding of suitability within thirty (30) days, or in the alternative, order Petitioner released forthwith;

6.   Declaratory relief, and

7.   Any other relief this Court deems fair, just and appropriate.

# PROOF OF SERVICE

I declare that:

I, Jeffrey Hammons, H-23227, am a resident of the State of California, County of Monterey. I am over 18 years of age and I am a party to the within action. My residence address is P.O. Box 689, Soledad, California, 93960-0689.

On May 22nd, 2006 I served the foregoing Petition for Writ of Habeas Corpus on the parties listed below by placing a true copy thereof enclosed in a sealed envelope with postage fully prepaid in the United States mail at Soledad, California, addressed as follows:

San Diego Superior Court (*Original & (1) one Copy*)

325 S. Melrose

Vista, CA 92083-6627

Bill Lockyer Attorney General, et al (*1) one Copy*)

Office of the Calif. Attorney General

P.O. Box 85266

San Diego, CA 92186-5266

Office of the District Attorney (*1) one Copy*)

County of San Diego

330 West Broadway, Suite: 920

San Diego, CA 92101-3803

There is regular delivery service by the U.S. Postal Service between the place of mailing and the places so addressed.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 22nd day of May, 2006, at Soledad, California.

*J. Z. Hammons*

Jeffrey Hammons