Case 4:07-cv-05098-SBA    Document 7-8    Filed 01/11/2008    Page 1 of 5

# EXHIBIT 6

F I L E D
Clerk of the Superior Court

JUL 2 5 2006

By: K. STOKER, Deputy
C. KOGER

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SAN DIEGO

| | |
|---|---|
| IN THE MATTER OF THE APPLICATION OF: | HCN 0858<br>CRN 20484 |
| JEFFREY HAMMONS,<br><br>         Petitioner. | ORDER DENYING<br>PETITION FOR WRIT OF<br>HABEAS CORPUS |

THIS COURT, HAVING READ THE PETITION FOR WRIT OF HABEAS CORPUS, AND THE FILE IN THE ABOVE CAPTIONED MATTER, FINDS AS FOLLOWS:

In 1992 Petitioner was sentenced to sixteen years to life with the possibility of parole after a jury found him guilty of Penal Code Sections 187(a), second degree murder, with a firearm enhancement pursuant to Penal Code Section 12022(a)(1). Petitioner's most recent parole consideration hearing was held on October 4, 2005. Parole was denied on that occasion.

Petitioner now asserts that the Board of Prison Terms (BPT) has improperly failed to grant him a release date at his most recent parole eligibility hearing. Petitioner asserts that the BPT improperly failed to consider any current or recent evidence regarding his present dangerousness. Petitioner contends that the Board has based its decision almost entirely on his commitment offense. Petitioner asserts that any murder case could be characterized as involving a callous disregard for human suffering. He asserts that the offense must be particularly egregious compared to other murder cases before the Board can deny

parole based on this.

"Courts must not second-guess the Board's evidentiary findings. (Powell, supra, 45 Cal.3d at p. 904.) However, it is the proper function of judicial review to ensure that the Board has honored in a "practical sense" the applicant's right to "due consideration." (Sturm, supra, 11 Cal.3d at p. 268.) This function is best served by examining the Board's parole suitability rulings under a deferential abuse of discretion standard. The Board's decision should not be disturbed unless it has acted arbitrarily or capriciously. Particular deference must be accorded to the Board's factual determinations, which need only be supported by some evidence." In re Ramirez (2001) 94 Cal.App.4th 549, 564.

"When interpreting parole legislation in particular, we regard the traditional understanding that, once the Board has considered all relevant information and criteria, its authority over parole decisions is extremely broad. Indeed, the '"[Board's] discretion in parole matters has been described as "great" [citation] and "almost unlimited" [citation].'" (In re Rosenkrantz (2002) 29 Cal.4th 616, 655 [128 Cal. Rptr. 2d 104, 59 P.3d 174] (Rosenkrantz), quoting In re Powell (1988) 45 Cal.3d 894, 902 [248 Cal. Rptr. 431, 755 P.2d 881].)" In re Dannenberg (2005) 34 Cal. 4th 1061, 1082.

In In re Ramirez (2001) 94 Cal.App.4th 549 the Petitioner was denied a parole release date after numerous hearings. The appellate Court found that the denial was arbitrary and capricious because the BPT considered only Petitioner's commitment offense and failed to consider Petitioner's performance in custody or his progress as noted in a psychological report. However, the appellate Court also found the trial Court erred by reconsidering the evidence instead of remanding the matter to the BPT to hold another hearing where it would consider the factors it had previously failed to consider.

Here Petitioner is unlike Ramirez. The BPT considered many factors and did not focus solely on his murder offense. Specifically, the BPT considered Petitioner had not fully dealt with the anger issues that caused his commitment offense. Petitioner has failed to remain disciplinary free during his incarceration in that he had two write-ups for mutual combat, one in 1997 and the other in 1999. Petitioner's parole plans are also inadequate. Petitioner has no specific plans if he is paroled in California and some vague plans involving family which apply only if he is paroled to Kentucky.

Petitioner presented no letters regarding potential employment or residence if paroled and no letters from family members, though there were letters from family at his previous parole hearing.

1 -Further, though both the psychological evaluation and the BPT fail to state this as a ground for denial, Petitioner's statement in the psychological evaluation and before the BPT indicate that he continues to place some responsibility with the victim and fails to accept complete responsibility for his acts.

Because the BPT clearly considered legitimate factors other than Petitioner's commitment offense, this petition is denied. Petitioner has failed to make a prima facie showing of specific facts which would entitle him to habeas corpus relief under existing law. In re Hochberg (1970) 2 Cal.3d 870, 875 fn 4. As such, the Petition for Writ of Habeas Corpus is hereby denied.

IT IS SO ORDERED.

DATED: July 25, 2006

_____
JOAN P. WEBER
JUDGE OF THE SUPERIOR COURT

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO<br>CENTRAL COURT, 220 W. BROADWAY, SAN DIEGO, CA 92101-3409<br>FAMILY COURT BUILDING, 1501-55 SIXTH, SAN DIEGO, CA 92101-1946<br>X NORTH COUNTY BRANCH, 325 S. MELROSE, VISTA, CA 92081-6627<br>EAST COUNTY COURT, 250 E. MAIN, EL CAJON, CA 92020-3913<br>SOUTH BAY COURT, 500 THIRD, CHULA VISTA, CA 91910-5694<br>JUVENILE DIVISION, 2851 MEADOW LARK, SAN DIEGO, CA 92123-2792 | COURT USE ONLY<br><br>F I L E D<br>Clerk of the Superior Court<br><br>JUL 25 2006<br><br>By X. STUCKER, Deputy<br>C. KOGER |
|---|---|
| PLAINTIFF(S)    PEOPLE OF THE STATE OF CALIFORNIA | |
| DEFENDANT(S) JEFFREY HAMMONS | JUDGE:  JOAN P. WEBER<br>DEPT:   20 |
| CLERKS CERTIFICATE OF SERVICE BY MAIL<br>(CCP 1013a(4)) | CASE NUMBER<br>HCN0858/CRN20484 |

I, MICHAEL RODDY, certify that: I am not a party to the above-entitled case; that on the date shown below, I served the following document(s):

| ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS |
|---|
| |

on the parties shown below by placing a true copy in a separate envelope, addressed as shown below; each envelope was then sealed and, with postage thereon fully prepaid, deposited in the United States Postal Service at:
San Diego  X Vista   El Cajon   Chula Vista, California.
NAME & ADDRESS

| JEFFREY HAMMONS H-23227 | |
|---|---|
| GW-259A-UP | |
| P. O. BOX 689 | |
| SOLEDAD, CA 93960-0689 | |
| | |
| KELLY RAND | |
| BY INNER OFFICE ENVELOPE TO N-160 | |
| APPELLATE DIVISION | |
| 325 S. MELROSE DRIVE | |
| VISTA, CA 92081 | |
| | |
| | |
| | |
| | |

MICHAEL RODDY
CLERK OF THE SUPERIOR COURT

| Date: 7-25-06 | By  C. Koger | , Deputy |
|---|---|---|
| | CHRIS KOGER | |

CLERKS CERTIFICATE OF SERVICE BY MAIL
SUPCT CIV-286(Rev. 3-94)