# EXHIBIT 7

1   Jeffrey Hammons  H-23227
    P.O. BOX 689     GW-259A-up
2   SOLEDAD, CA  93960-0689
         in pro per



FILED
Stephan M. Kelly, Clerk
AUG 2 9 2006
Court of Appeal Fourth District

5            FOURTH DISTRICT APPELLATE COURT, DIVISION 1

6                    IN THE STATE OF CALIFORNIA

8                                        D049287

9   Jeffrey Hammons            )  Case No.: _____
       Petitioner,             )
10                             )  PETITION FOR WRIT OF HABEAS
                               )  CORPUS (Following denial by
11        v.                   )  Superior Court Case No. HCN 0858
                               )
12  A.P. KANE, WARDEN (A), et al,  )
       Respondent              )
13                             )
                               )
14                             )
                               )
15                             )
                               )
16                             )
                               )
17

19  # ORIGINAL

i

# TABLE OF CONTENTS

**TITLE**                                                                    **PAGE**

Cover _____ i

Table of Contents _____ ii

Points and Authorities _____ iii–iiii

Judicial MC-275 _____ 1–15
        Ground 1 _____ 3–10
        Ground 2 _____ 11–13

Conclusion _____ 16

Prayer for Relief _____ 16

Proof of Service by Mail _____ 17

ATTACHMENT 'I' _____ 18–21
    (SUPERIOR COURT DENIAL)

ATTACHMENT 'II' (HC p. 1–120) _____ 22–142
(Petitioner for Writ of Habeas Corpus Case No. HCN 0858)

ii

## TABLE OF AUTHORITIES

**AUTHORITY**                                                    **PAGE**

### CONSTITUTIONAL AUTHORITIES

U.S. CONSTITUTION, AMENDMENT 7, 14 _____ Passim

CALIFORNIA CONSTITUTION, ARTICLE I, SECTIONS 7, 15_____ Passim

### FEDERAL CASE LAW

Apprendi v. New Jersey ,(2000) _____ 9
530 U.S. 466
Biggs v. Terhune, (2003 9th Cir.) _____ 6,8,9
334 F.3d 910
Blakely v. Washington, (2004)_____ 9
542 U.S. __ [124 S.Ct. 2531]
Greenholtz v. United States  _____ 9,10
(1987).100 Cal.3d 794.
McQuillion v. Ducan, (9th Cir.) _____ 6
306 F.3d 895


### STATE CASE LAW

California v. Morales, (1975) _____ 13
115 S.Ct. 1597
In re Capistran, (2003) _____ 13
107 Cal.App.4th 1299
In re Caswell, (10/10/01)_____ 13
92 Cal.App.4th 1017
In re Jackson, (1985) _____ 13
39 Cal.App.3rd 464
In re Minnis, _____ 6
7 Cal.3d at p. 647
In re Norman Morrall, (2002) _____ 6,8,13
102 Cal.App.4th 280
In re Edward Ramirez, (2001); _____ 4,6,10,13
94 Cal.App.4th 549
In re Rodriguez, _____ 13
(1975) 14 C.3d 639
In re Rosenkrantz (2002) _____ 7
29 Cal.App.4th 659
In re Rosenkrantz, _____ 13
95 Cal.App.4th 358
In re George Scott _____ 4,7
119 Cal.App.4th
In re Mark Smith, (2003) _____ 4
Cal.App.4th 343

## TABLE OF AUTHORITIES PAGE 2

**PENAL CODE**                                              **PAGE**

§ 3000(b)(1) _____ 4

§ 3041(a) _____ 10

§ 3041(b) _____ 4,8

§ 3041.5 _____ 6,8

§ 3041.5(b)(2) _____ 12,13

§ 5076.2 _____ 13


### CALIFORNIA CODE of REGULATIONS

**CCR SECTION**                                            **PAGE**

CCR § 2000(b) (48) [Good Cause] _____ 13

CCR § 2000(b) (61) [Material Evidence] _____ 13

CCR § 2000(b) (89) [Relevant Evidence] _____ 13

CCR § 2400 et seq. _____ 13

§ 2282(a) _____ 7

§ 2402(a) _____ 4

§ 2402(c)(1)(D) _____ 7

§ 2403(c) _____ 6,8

§ 3375.2(7)(A) _____ 7

Name  Jeffrey Hammons

Address  P.O. Box 689    GW-259A-up

_Soledad, California_

_93960-0689_

CDC or ID Number  H-23227

## FOURTH DISTRICT COURT OF APPEALS

### FOR THE STATE OF CALIFORNIA
*(Court)*

| | |
|---|---|
| Jeffrey Hammons<br>Petitioner<br><br>vs.<br><br>B. Curry, Warden (A) et al<br>Respondent | **PETITION FOR WRIT OF HABEAS CORPUS**<br><br>No. _____<br>*(To be supplied by the Clerk of the Court)*<br><br>HCN 0858<br>San Diego Co. Sup. Ct. Case No. |

## INSTRUCTIONS — READ CAREFULLY

- **If you are challenging an order of commitment or a criminal conviction and are filing this petition in the Superior Court, you should file it in the county that made the order.**

- **If you are challenging the conditions of your confinement and are filing this petition in the Superior Court, you should file it in the county in which you are confined.**

- Read the entire form *before* answering any questions.

- This petition must be clearly handwritten in ink or typed. You should exercise care to make sure all answers are true and correct. Because the petition includes a verification, the making of a statement that you know is false may result in a conviction for perjury.

- Answer all applicable questions in the proper spaces. If you need additional space, add an extra page and indicate that your answer is "continued on additional page."

- If you are filing this petition in the Superior Court, you need file only the original unless local rules require additional copies. Many courts require more copies.

- If you are filing this petition in the Court of Appeal, file the original and four copies.

- If you are filing this petition in the California Supreme Court, file the original and thirteen copies.

- Notify the Clerk of the Court in writing if you change your address after filing your petition.

- In most cases, the law requires service of a copy of the petition on the district attorney, city attorney, or city prosecutor. See Penal Code section 1475 and Government Code section 72193. You may serve the copy by mail.

Approved by the Judicial Council of California for use under Rules 56.5 and 201(h)(1) of the California Rules of Court [as amended effective January 1, 1999]. Subsequent amendments to Rule 44(b) may change the number of copies to be furnished the Supreme Court and Court of Appeal.

Page one of six

Form Approved by the<br>Judicial Council of California<br>MC-275 [Rev. January 1, 1999]    PETITION FOR WRIT OF HABEAS CORPUS    Penal Code, § 1473 et seq.;<br>Cal. Rules of Court, rules 56.5, 201(h)

-1-

This petition concerns:

| | |
|---|---|
| ☐ A conviction | ☒ Parole |
| ☐ A sentence | ☐ Credits |
| ☐ Jail or prison conditions | ☐ Prison discipline |
| ☐ Other *(specify)*: _____ | |

1. Your name:  Jeffrey Hammons

2. Where are you incarcerated?  Correctional Training Facility, Soledad, California  93960-0689

3. Why are you in custody?  ☒ Criminal Conviction    ☐ Civil Commitment

   *Answer subdivisions a. through i. to the best of your ability.*

   a. State reason for civil commitment or, if criminal conviction, state nature of offense and enhancements (for example, "robbery with use of a deadly weapon").

      2nd Degree  Murder with Gun Use.

   b. Penal or other code sections: §§ 187(A), 12022(a)(1)

   c. Name and location of sentencing or committing court: San Diego Superior Court

      325 S. Melrose,  Vista, CA 92083-6627

   d. Case number:  CRN 20484

   e. Date convicted or committed:  On or about 12/4/1991

   f. Date sentenced:  01-21-1992

   g. Length of sentence: 16 years to Life (Determinate 1 year, and 15 to life)

   h. When do you expect to be released?  Should have been released on April 20, 2002

   i. Were you represented by counsel in the trial court?  ☒ Yes.    ☐ No.  If yes, state the attorney's name and address:

      David Rawson

      1284 Cinchona Street, Vista, CA  92083

4. What was the LAST plea you entered? *(check one)*

   ☒ Not guilty    ☐ Guilty    ☐ Nolo Contendere    ☐ Other: _____

5. If you pleaded not guilty, what kind of trial did you have?

   ☒ Jury    ☐ Judge without a jury    ☐ Submitted on transcript    ☐ Awaiting trial

6.  GROUNDS FOR RELIEF

**Ground 1:**  State briefly the ground on which you base your claim for relief. For example, "the trial court imposed an illegal enhancement." *(If you have additional grounds for relief, use a separate page for each ground. State ground 2 on page four. For additional grounds, make copies of page four and number the additional grounds in order.)*

See Attached

a.  Supporting facts:

Tell your story briefly without citing cases or law. If you are challenging the legality of your conviction, describe the facts upon which your conviction is based. *If necessary, attach additional pages.* CAUTION: You must state facts, not conclusions. For example, if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or failed to do and how that affected your trial. Failure to allege sufficient facts will result in the denial of your petition. (See *In re Swain* (1949) 34 Cal.2d 300, 304.) A rule of thumb to follow is: *who* did exactly *what* to violate your rights at what time *(when)* or place *(where)*. (If available, attach declarations, relevant records, transcripts, or other documents supporting your claim.)

See Attached

b.  Supporting cases, rules, or other authority (optional):

*(Briefly discuss, or list by name and citation, the cases or other authorities that you think are relevant to your claim. If necessary, attach an extra page.)*

See Attached

**THE SUPERIOR COURT ERRED BY FAILING TO ADDRESS THE ISSUE OF THE LACK OF INDIVIDUAL ASSESSMENT OF PETITIONER'S <u>CURRENT</u> THREAT TO SOCIETY WHICH IS THE ONLY CRITERIA ALLOWED UNDER PENAL CODE § 3041(b) FOR A FINDING OF UNSUITABILITY FOR PAROLE.**

The Court of Appeal in <u>In re George Scott</u>, (2004) 119 Cal.App.4th 871, reaffirmed the

rationale of the <u>Ramirez</u> and <u>Smith</u> Courts when it declared

> "...parole is the <u>rule</u>, rather than the exception, and conviction for second degree murder does not automatically render one unsuitable. (<u>In re Smith</u>, (2003) 114 Cal.App.4th 343, 366). <u>In re Ramirez</u>, supra, 94 Cal.App.4th 549 ...[a]ll violent crimes demonstrate the perpetrator's potential for posing a grave risk to public safety, yet parole is mandatory for violent felons serving determinate sentences. Penal Code § 3000 subd. (b)(1).) And the Legislature has clearly expressed its intent that when murders — who are the great majority of inmates serving indeterminate sentences — <u>approach their minimum eligible parole date, the Board shall normally set a parole release date</u>..." (id. at p. 570).

The Court of Appeal on June 24, 2004, in <u>In re George Scott</u>, supra, 119 Cal.App.4th at 887 fn. 7, also reaffirmed the Legislative Intent of Uniform terms by stating:

> "The first two sentences of the DSL declare 'that the purpose of imprisonment for a crime is punishment' and that [t]his purpose is best served by terms proportionate to the seriousness of the offense with provisions for uniformity in the sentences of offenders committing the same offense under similar circumstances. (Penal Code § 1170, subd. (a)(1).) Nothing in the DSL or its legislative history suggests that legislative concern with uniformity was limited to those serving determinate terms. Penal Code § 3041 shows that this interest **does** extend to individuals such as [this Petitioner] who are serving indeterminate life terms. (Id., citing <u>Ramirez</u>, supra 94 Cal.App.4th at 559)."

Petitioner submits that the Board's regulation, that is the California Code of Regulations (hereinafter "CCR"), § 2402(a) **DEMANDS** that the Board set a release date unless Petitioner <u>**CURRENTLY**</u> presents an unreasonable risk of danger to the public. And, the representing District Attorney did not provide any new and/or additional evidence whatsoever that Petitioner is currently an unreasonable risk of danger to the public or otherwise unsuitable for parole, only that he was so at the time of his offense.

1    The Board used the District Attorney's objection to parole as one of its reasons for

2    denying Petitioner parole. However, despite the fact that the District Attorney **ALWAYS**

3    opposes parole for convicted murders', in the instant case the District Attorney based his entire

4    objection on Petitioner's character at the time of crime and refused to accept the EXPERT

5    OPINION and TESTIMONY of the CDC's Mental Health Department WITNESSES. (Please

6    see Attachment II, Exhibit 'A' pages 70 – 71 ).

7    Petitioner acknowledges the Board's requirement to consider the input of the District

8    Attorney in making its decision of suitability. Petitioner submits that this requirement also

9    requires the Board to evaluate the legitimacy of the District Attorney's objection. A issue here

10   is the nature of the District Attorney's objection. Unless the District Attorney has the requisite

11   medical training, his **OPINION** as to Petitioner's mental health is moot. The District Attorney,

12   as well as the members of the Board, and even the Governor (should it come to that), are not

13   Qualified (and therefore not authorized) to overrule the EXPERT OPINION of CDC's Mental

14   Health Professionals. Otherwise, what is the purpose of ordering a Mental Health Evaluation

15   for each and every hearing?

16   Dr. J. Steward, Psy.D. Clinical Psychologist, stated:

17   "There is no evidence of a thought disorder"

18   "His judgement and impulse control is very good"

19   "There does not appear to be evidence of personality disorder"

20   "It is estimated that he has a very good prognosis for adjustment to the community"

21   (See Attachment 'II' pg.89)

22   And under "Assessment of Dangerousness" Dr. J. Steward stated:

23   "Inmate Hammon's violence potential within a controlled setting is considered
     below average relative the inmate population"
24   "There was not any significant psychopathology observed during this interview that
     would indicate he is a serious risk to the community"
25   "If released to the community, inmate Hammon's violence potential is considered to
26   be no more than that of the average citizen." (See Attachment 'II' pg. 90-91)

27

28   Petitioner submits that the Board speaks in meaningless generalities and fails to address

1   the exact nature of Petitioner's <u>CURRENT</u> character. By not doing so, the Board violated the

2   intent and spirit of Penal Code (hereinafter "PC"), § 3041.5 and <u>In re Ramirez</u>, supra, which

3   dictates that the Board shall normally set a parole release date. (citing <u>Biggs v. Terhune</u>, supra).

4       There is no evidence that the crime is so egregious as to justify the use of the exception

5   clause of PC § 3041(b); <u>In re Norman Morrall</u>, supra, the court concluded

6       "[W]e agree that an inmate cannot be denied parole simply on the type of
         offense he committed." (See also <u>In re Minnis</u>, 7 Cal.3d at p. 647).

7

8       To the contrary, it falls squarely in the Board's own proportionality matrix CCR §

9   2403(c) at axis III-B. Without post-conviction credits Petitioner has served fourteen ( 14 )

10  years. Adding post conviction credits he has served 20 plus years, exceeding his matrix by one

11  ( 1 ) year. There is no evidence that Petitioner is a **CURRENT** risk or threat to society and the

12  Board's conclusions are not supported by the record. (See <u>Biggs</u>, supra).

13      The Court in <u>Biggs</u>, supra, held that the Board's continued use of the crime (or any

14  other unchanging circumstances) as a basis for denial of parole when Petitioner's Institutional

15  Behavior remains exemplary may be a violation of both State and Federal Due Process.

16      For the past six (6) years, Petitioner has had no occurrence of serious or violent

17  disciplinary action, thus exemplifying himself as a model prisoner. Petitioner seeks

18  acknowledgment of the facts that since 1999, there has been thereafter a continuous six (6)

19  year history free of any disciplinary action or occurrence. Also, the current policy of the Board,

20  which will be discussed more fully infra, is the setting of a parole date which is all too often

21  the exception rather than the norm, and thus violates Petitioner's Liberty Interest that is present

22  in a parole date; <u>In re Rosenkrantz</u>, supra; <u>McQuillion v. Ducan</u>, supra; <u>Biggs v. Terhune</u>,

23  supra.

24      At the Petitioner's board hearing the Board of Parole Hearings (hereafter BPH) relied

25  solely on Petitioner's commitment offense and prior history to justify its unlawful finding of

26  unsuitability.

27      In addition, and with regard to the Petitioner's suitability, the board erred in its

28  conclusion that Petitioner's Mental Health Evaluation was not supportive of release or that

Petitioner needed additional therapy. Petitioner's Psychiatric Reports have been much to the contrary. Specifically, Dr. J. Steward, Psy.D. Chinical Psychologist, stated:

> "There is no evidence of a thought disorder"

> "His judgement and impulse control is very good"

> "There does not appear to be evidence of personality disorder"

> "It is estimated that he has a very good prognosis for adjustment to the community"

> (See Attachment 'II' pg. 89)

And under "Assessment of Dangerousness" Dr. J. Steward stated:

> "Inmate Hammon's violence potential within a controlled setting is considered below average relative the inmate population"
> "There was not any significant psychopathology observed during this interview that would indicate he is a serious risk to the community"
> "If released to the community, inmate Hammon's violence potential is considered to be no more than that of the average citizen." (See Attachment 'II' pg. 90-91)

Additionally, the Board ignored that Petitioner has been deemed by the California Department of corrections a **Model** prisoner with A-1-A status, and **Not** a threat to society, and that Petitioner's crime is not "particularly egregious" (especially cruel and callous) by placing Petitioner in a Level II prison setting. California Code of Regulations, Title 15, section 3375.2 subd. (7)(A) states:

> "An inmate serving any life term shall not be housed in a Level I or II facility if any of the following case factors are present: The Commitment Offense involved... unusual violence...."

And on June 24, 2004, the Court of Appeal in In re George Scott, supra, 119 Cal.App.4th at 892 fn. 11, found that the Board's regulations provide that even if the crime is "exceptionally callous" an inmate may be found suitable for parole. The Court declared that:

> "Under the Board regulations, base terms for life prisoners are not calculated until after an inmate is deemed suitable for release. (§ 2282, subd. (a).) The regulations therefore contemplate that an inmate may be deemed suitable for release even though his offense demonstrated "exceptionally callous disregard for human suffering." (§ 2402, subd, (c)(1)(D).)" (Id)

-7-

Also, in the Life Prisoner Evaluation Report (hereinafter "LPER") (See Attachment 'II' pg 94-98), Petitioner's Correctional Counselor, CC-I P. McPartlan,, states:

> "Considering the commitment offense, prior record, and prison adjustment, this writer believes that the prisoner would likely pose a moderate risk to the community if released on parole. Hammons has remained disciplinary free for the last 5½ years. During this period, Hammons continued to participate in Alcoholics Anonymous. He is currently assigned to vocational welding"

Again, in In re Norman G. Morrall, supra, the Court concluded; "A refusal to consider the particular circumstances relevant to an inmate's individual suitability for parole would be contrary to law." Moreover, the Court in Biggs, supra, addressed the Board's continued illegal use of the crime and/or prior history to justify a denial of parole:

> "... a continued reliance... on an unchanging factor, the circumstances of the offense and conduct prior to imprisonment, runs contrary to the rehabilitative goals espoused by the prison system and could result in a due process violation". (Biggs, supra, 334 F.3d at 917).

In Biggs, supra, the appeal was pursuant to his initial suitability hearing. The Petitioner has now had two (2) Board hearings and submits that his most recent denial rests solely on the commitment offense, (as did his previous hearing in 2001 see Attachment 'II', pg. 106-111), and therefore violates both State and Federal Due Process. Most importantly, there is no evidence that the public safety requires a lengthier period of incarceration (please refer to PC § 3041 (b)), in relation to other instances of the same crime please refer to PC § 3041.5.

Petitioner submits that understanding and perspective of the crime is compelled by the Board's own proportionality matrix (please refer to CCR Division 2, § 2403(c). The matrix scale and rating of the more common and routine variations of murder appear to a codification of when a crime of this nature can be more egregious than average.

Petitioner submits that his crime falls squarely in the matrix [category III-B, 18-19-20 years]. With post conviction credits, Petitioner has exceeded the maximum by more than one (1) year, Petitioner has served his matrix. The Board is precluded from making making findings that Petitioner submits that his crime falls squarely in the matrix [category III-B, 18-

1   19-20 years]. With post conviction credits, Petitioner has exceeded the maximum by more than

2   one (1) year, Petitioner has served his matrix. The Board is precluded from making making

3   findings that take the case outside the normal sentencing structure, here the matrix, when those

4   facts have not been charged and found true by the trier of fact at the time of conviction.

5   Petitioner was convicted by a jury of 2nd degree murder, although the Board has and continues

6   to use 1st degree murder criteria to continually deny Petitioner parole. (See <u>Apprendi v. New</u>

7   <u>jersey,</u> (2000) 530 U.S. 466., <u>Blakely v. Washington,</u> (2004) ___ U.S. ___ [124 S.Ct. 2531;

8   159 L.Ed. 2d 430]. The Board fails in any attempt to substantiate why Petitioner's crime is so

9   heinous as to require that Petitioner be exempted time and time again from the general rule that

10  a parole date shall normally be set; please see In re Ramirez, supra, within the court states:

> **"The Board must weigh the inmate's criminal conduct not against ordinary social norms, but against other instances of the same crime or crimes. (Ramirez, supra, Cal.App.4th at p. 570)**

13  Petitioner submits that the record is devoid of the Board making such a comparison.

14  Similarly, Petitioner's Psychiatric Report evidence, like <u>Biggs,</u> supra, is supportive of release;

15  contrary to the Board's erroneous and specious findings (please see Attachment 'II' Exhibits

16  'A' and 'B'). The Court in <u>Biggs,</u> addressed the Board's illegal usage of needed therapy and

17  other illegal reasons to justify a highly illegal denial. The court concluded:

> **"The record in this case and the transcripts of <u>Biggs'</u> hearing before the Board clearly show that <u>many of the conclusions and factors relied upon by the Board were devoid of evidentiary basis." (Biggs, supra, 334 F.3d at p. 915)</u>**

20  The Court in <u>Biggs,</u> supra, went on to warn the Board that while there was "some evidence" to

21  use the crime as a basis for denial at his <u>initial</u> hearing, the board's continued use of the crime

22  as a basis for continual denials would be a violation of Biggs Federal due process rights.

23  Petitioner submits that the Board's <u>sole</u> usage of the initial commitment offense and/or prior

24  social history, on a continual basis to deny him a parole date has violated his 5th and 14th

25  Amendment rights under the United States Constitution to not be deprived of his liberty.

> **"[T]o ensure that a state created parole scheme serves the public interest purposes of rehabilitation and deterrence, the Parole Board must be cognizant not only of the factors required by the state statute to be considered. but also the concepts embodied in the <u>Constitution</u>**

1  requiring <u>due process of law</u>... "[Please see e.g. in <u>Greenholtz</u>, 442 U.S.
2  at 7-8.]." (<u>Biggs</u>, supra, 334 F.3d at p. 916)

3     "The Parole Board's sole supportable reliance on the gravity of the
   offense and conduct prior to imprisonment to justify denial of Parole
4  can be initially justified as fulfilling the requirements set forth by
   state law. Over time however, should Biggs continue to demonstrate
5  exemplary behavior and evidence of rehabilitation, <u>denying him a</u>
6  <u>parole date simply because of the nature of his offense and prior</u>
   <u>conduct would raise serious questions involving his liberty interest in</u>
7  <u>parole</u>...(Id)

8     Petitioner also submits that the Board has adopted an anti and/or no parole policy per

9  se, or a policy of under-inclusion demonstrating a policy of systematic bias; granting only an

10 approximate 232 parole dates out of over 11,000 parole hearings, thus violating the legislative

11 intent of PC § 3041(a) that; "...a parole date <u>shall normally</u> be set in a manner that will provide

12 <u>uniform</u> terms for offenders with crimes of similar gravity and magnitude...". And, violating

13 Petitioner's State and Federal due process rights as well (please see <u>In re Ramirez</u>, supra, at

14 page 565). Petitioner contends that the evidenced behavior by a quasi-judicial Board, of a

15 policy demonstrating an approximate 98.5% denial rate, supports the premise that such a

16 policy exists (i.e. anti and/or no parole policy of under-inclusion or systematic bias): this policy

17 violates the strictures of substantive due process.

18    The existence of said policy in denying parole may explain why the Board only grants

19 parole in less than two (2) percent of the cases it hears; it also explains the bias demonstrated in

20 the present case.

21    In this case, Petitioner's own circumstances, the Board's pronouncement of numerous

22 unlawful conclusions, not supported by the record, violates the process due to Petitioner under

23 the State and Federal Constitutions. Based upon the herein-demonstrated bias, the Board's

24 decision cannot be shielded by the "some evidence" standard. The only appropriate remedy is

25 an independent review.

26 //

27 //

28 //

7. Ground 2

_____See Attached_____

_____

_____

_____

a. Supporting facts:

_____See Attached_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

b. Supporting cases, rules, or other authority:

_____See Attached_____

_____

_____

_____

_____

PETITIONER'S RIGHT TO HAVE SEPARATELY STATED AND SPECIFICALLY DIRECTED (SEPARATE AND DISTINCT) REASONS WHEN GIVEN A MULTI-YEAR DENIAL WAS NOT PROTECTED BY THE BPH IN VIOLATION OF HIS STATE AND FEDERAL CONSTITUTIONAL DUE PROCESS PROTECTIONS AND CONTRADICTORY OF THE LEGISLATIVE INTENT OF PENAL CODE § 3041.5(b)(2).

The statement of reasons for a multi-year denial must be a separate and distinct statement that is not a mere recital of the same reasons used to deny parole worded slightly differently. In denying Petitioner parole for a period of two (2) years, the BPH recited virtually the same reasons given for parole denial.

The BPH's stated reason for parole denial was:

[A]     "I'm going to tell you rather than just going through the decision and having you have to wait that this is a two-year denial." (See Attachment 'II' pg. 79 lines 15-18)

The BPH's stated reason for a multi-year denial was:

[B]     "The other thing, and let me just say that this relates to the two years, rather than go through all of this a second time, obviously the crime relates to the two-year denial."
        (See Attachment 'II' pg. 81 lines 14-18)

The BPH's language for parole denial in [A] is virtually the same and/or synonymous as the language used for the multi-year denial in [B], thereby violating Petitioner's right to separate and distinct reasons given when a multi-year denial is imposed.

The facts show the BPH used the same reasoning for both an unsuitability finding and a multi-year denial violating due process. Therefore, a multi-year denial is invalid.

A multi-year denial can only be applicable when valid grounds exist to find Petitioner unsuitable for parole. Petitioner has adequately established in his argument ante that the BPH's reasoning for denying parole was unsubstantiated, lacking even "some evidence" that he is CURRENTLY an unreasonable risk to the public and was therefore arbitrary, capricious, lacked basis in fact, and/or was contrary to law.

**Supporting cases:**

"If the Legislature had intended a single statement of reasons to suffice for both the refusal to set a parole date and the decision to postpone annual review, it would not have enacted language specifically calling for a statement of reasons on the latter...Accordingly, this Court holds the Board to the Legislative requirement that its reasons for postponing a suitability hearing be separately stated and specifically directed to that question." In re Jackson, (1985) 39 Cal.App.3d 464

Penal Code § 3041.5(b)(2) that requires a separate and distinct statement that is not a mere recital of the same reasons used to deny parole worded slightly differently.

Penal Code § 5076.2

CCR § 2000(b) (48) [Good Cause]; (61) [Material Evidence]; [Relevant Evidence]

CCR § 2400 et seq.

California Constitution Article I §§ 7, 15 [Due Process]

U.S. Constitution Amendment 14 [Due Process]

In re Capistran, (2003) 107 Cal.App.4th 1299

In re Morrall, 102 Cal.App.4th 280

In re Rosenkrantz, 95 Cal.App.4th 358

In re Ramirez, 94 Cal.App.4th 549

In re Caswell, (10/10/01) 92 Cal.App.4th 1017

In re Rodriguez, (1975) 14 C.3d 639

California v. Morales, (1975) 115 S.Ct. 1597

//

//

//

-13-

8. Did you appeal from the conviction, sentence, or commitment?  [XX] Yes.  [ ] No.  If yes, give the following information:

a. Name of court ("Court of Appeal" or "Appellate Dept. of Superior Court"):
   Court of Appeal, Fourth Appellate District, Division (1) One

b. Result: Denied                                    c. Date of decision: 9/24/1993

d. Case number or citation of opinion, if known:  D016155

e. Issues raised:  (1)  Trial misconduct.

    (2) Improper Jury Instructions.

    (3) Prosecutorial Misconduct.

f. Were you represented by counsel on appeal?  [XX] Yes.  [ ] No.  If yes, state the attorney's name and address, if known:

   Ms. Shawn O'Laughlin  5580 La Johha Blvd. Suite 11, La Jolla, CA  92037

9. Did you seek review in the California Supreme Court?  [ ] Yes.  [XX] No.  If yes, give the following information:

a. Result: _____    b. Date of decision: _____

c. Case number or citation of opinion, if known: _____

d. Issues raised:  (1) _____

    (2) _____

    (3) _____

10. If your petition makes a claim regarding your conviction, sentence, or commitment that you or your attorney did not make on appeal, explain why the claim was not made on appeal:

                              Not Applicable
_____

11. Administrative Review:

a. If your petition concerns conditions of confinement or other claims for which there are administrative remedies, failure to exhaust administrative remedies may result in the denial of your petition, even if it is otherwise meritorious. (See *In re Muszalski* (1975) 52 Cal.App.3d 500 [125 Cal.Rptr. 286].) Explain what administrative review you sought or explain why you did not seek such review:

   Administrative Remedies have been exhausted. See Attachment 'II'

   page -8- line(s) 19-21, page -9- line 1. "The Board (BPH) has eliminated

   the BPH Appeals Unit and no longer allows for the filing of

   Administrative appeals on BPH denials of parole for indeterminately

   sentenced prisoners such as Petitioner."

   NOTE: This is a Writ of Habeas Corpus appealing the Superior Court decision.

b. Did you seek the highest level of administrative review available?  [XX] Yes.  [ ] No.
   *Attach documents that show you have exhausted your administrative remedies.*

MC-275 [Rev. January 1, 1999]          PETITION FOR WRIT OF HABEAS CORPUS          Page five of six

12. Other than direct appeal, have you filed any other petitions, applications, or motions with respect to this conviction, commitment, or **issue** in any court?  ☒ Yes. If yes, continue with number 13.    ☐ No. If no, skip to number 15.

13. a. (1) Name of court: San Diego County Superior Court

   (2) Nature of proceeding (for example, "habeas corpus petition"): Habeas Corpus Petition (HCN 0858)

   (3) Issues raised: (a)  Due Process - Unchanging Factors

      (b)  Multi-year Denial Illegal

   (4) Result (Attach order or explain why unavailable): See Attachment 'I' Pages 19-21

   (5) Date of decision: 7/25/2006

   b. (1) Name of court: _____

   (2) Nature of proceeding: _____

   (3) Issues raised: (a) _____

      (b) _____

   (4) Result (Attach order or explain why unavailable): _____

   (5) Date of decision: _____

   c. For additional prior petitions, applications, or motions, provide the same information on a separate page.

14. If any of the courts listed in number 13 held a hearing, state name of court, date of hearing, nature of hearing, and result:
   Per Cover page of Attachment 'I' San Diego County Superior Court (7/25/06)
   Petition for Writ of Habeas Corpus Review/Order denying Habeas Corpus.

15. Explain any delay in the discovery of the claimed grounds for relief and in raising the claims in this petition. (See In re Swain (1949) 34 Cal.2d 300, 304.)
   Originally denied 7/25/06 and new filing submitted by US mail within
   four weeks, see date below, show no untimely delay or prejudice to
   Attorney General.

16. Are you presently represented by counsel?  ☐ Yes.  ☒ No. If yes, state the attorney's name and address, if known:


17. Do you have any petition, appeal, or other matter pending in any court?  ☐ Yes.  ☒ No. If yes, explain:
   San Diego County Superior Court has already reviewed the matters, as
   affirmed by Attachment 'I' Order denying relief requested.

18. If this petition might lawfully have been made to a lower court, state the circumstances justifying an application to this court:


I, the undersigned, say: I am the petitioner in this action. I declare under penalty of perjury under the laws of the State of California that the foregoing allegations and statements are true and correct, except as to matters that are stated on my information and belief, and as to those matters, I believe them to be true.

Date: 8-23-06    ▶ J. T. Hammons
                                    (SIGNATURE OF PETITIONER)

MC-275 [Rev. January 1, 1999]    **PETITION FOR WRIT OF HABEAS CORPUS**    Page six of six

## CONCLUSION

THE SUPERIOR COURT ERRED IN NOT DECLARING THAT THE BOARD'S DECISION WAS ARBITRARY AND CAPRICIOUS AND THEREFORE THE PETITIONER DID NOT RECEIVE A FAIR HEARING.

Petitioner submitted to following arguments to the Superior Court contending that the Board's finding of unsuitability was arbitrary and capricious:

1). Due to the Board carrying out it's political function of adhering to a no or anti-parole policy;

2). Due to the Board's acting contrary to the intent and spirit of PC § 3041 (a);

3). Due to basing its decisions on unsupported allegations; and

4). Due to the Board's refusal to adhere to aforementioned decisions and the controlling authorities.

### PRAYER FOR RELIEF

1. Issue an Order to Show Cause on an expedited basis.

2. Appoint Counsel.

3. Conduct an Evidentiary Hearing.

4. Order Petitioner's appearance before the Court.

5. Order Petitioner taken back before the Board for a finding of suitability within thirty (30) days, or in the alternative, order Petitioner released forthwith;

6. Declaratory relief, and

7. Any other relief this Court deems fair, just and appropriate.

## PROOF OF SERVICE

I declare that:

I, Jeffrey Hammons (CDCR No. H-23227), am a resident of the
State of California, County of Monterey.  I am over 18 years of
age and I am a party to the within action.  My residence address
is P.O. Box 689, Soledad, California, 93960-0689.

On August 23, 2006 I served the foregoing Petition for Writ of
Habeas Corpus on the parties listed below by placing a true copy
thereof enclosed in a sealed envelope with postage fully prepaid
in the United States mail at Soledad, California, addressed as
follows:

**ORIGINAL & 4 Copies**
SECOND DISTRICT COURT OF APPEAL
DIVISION 1
750 B Street, Suite 300
San Diego, CA  92101-8189

**(1) Copy**
Bill Lockyer Attorney General, et al
Office of the California Attorney General
P.O. Box 85266
San Diego, CA  92186-5266

There is regular delivery service by U.S. Postal Service between
the place of mailing and the places so addressed.  I declare
under penalty of perjury under the laws of the State of
California that the foregoing is true and correct.

Executed this 23, day of August, 2006, at Soledad, California.


Jeffrey Hammons
In Pro Per