# EXHIBIT 8

COURT OF APPEAL - FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

FILED
Stephen M. Kelly, Clerk
NOV 07 2006
Court of Appeal Fourth District

| | |
|---|---|
| In re JEFFREY HAMMONS<br><br>on<br><br>Habeas Corpus. | D049287<br><br>(San Diego County<br>Super. Ct. No. HCN0858) |

THE COURT:

      The petition for writ of habeas corpus has been read and considered by Justices Nares, Haller and McDonald.

      In 1992, a jury convicted Jeffrey Hammons of second degree murder with a firearm enhancement. The trial court sentenced him to an indeterminate term of 16 years to life with the possibility of parole. At an October 2005 parole consideration hearing, the Department of Corrections and Rehabilitation (Department) found Hammons unsuitable for parole. The Department based its decision on the nature of the commitment offense. The Department also considered Hammons's disciplinary infractions while in prison, his lack of participation in anger management courses, and uncertain parole plans.

      Hammons challenges the evidence supporting the finding that he is unsuitable for parole, and contends the Department did not consider any current or recent evidence concerning his present dangerousness but based its decision almost entirely on the commitment offense. He claims his psychological report indicates he does not present a danger to the community.

      The Department must grant parole unless it determines that public safety requires a more lengthy period of incarceration for the individual because of the gravity of the offense underlying the conviction (Pen. Code, § 3041, subd. (b)). "[P]arole applicants in this state have an expectation that they will be granted parole unless the [Department] finds, in the exercise of its discretion, that they are unsuitable for parole in light of the

circumstances specified by statute and by regulation." (*In re Rosenkrantz* (2002) 29 Cal.4th 616, 653 (*Rosenkrantz*).)

"[T]he judicial branch is authorized to review the factual basis of a decision of the [Department] denying parole in order to ensure that the decision comports with the requirements of due process of law, but that in conducting such a review, the court may inquire only whether some evidence in the record before the [Department] supports the decision to deny parole, based upon the factors specified by statute and regulation." (*Rosenkrantz, supra,* 29 Cal.4th at p. 658.) "Only a modicum of evidence is required." (*Id.* at p. 677.) "It is irrelevant that a court might determine that evidence in the record tending to establish suitability for parole far outweighs evidence demonstrating unsuitability for parole." (*Ibid.*)

At the hearing, the Department properly considered Hammons's underlying commitment offense. (Cal. Code Regs., tit. 15, § 2402, subd. (c)(1).) The presiding commissioner read a statement of facts. On December 10, 1990, victim Carlos Santana, a prostitute, was found dead on a sidewalk. He had been shot, and suffered wounds to the neck and chest. At the parole hearing, Hammons explained to the commissioner that he approached Santana and asked Santana to orally copulate him. Hammons believed Santana was a woman because Santana wore women's clothing. Hammons discovered Santana was a man, became upset and attempted to beat him. Santana escaped until Hammons found him 15 minutes later. Hammons then shot and killed Santana.

The nature of the prisoner's offense, alone, can constitute a sufficient basis for denying parole, so long as the Department does not fail to consider all other relevant factors. (*In re Ramirez* (2001) 94 Cal.App.4th 549, 569.) The Department must make a case-by-case ruling on parole suitability within the proportionality contemplated in Penal Code section 3041, subdivision (c). (*Rosenkrantz, supra,* 29 Cal.4th at p. 683.)

The facts of Hammons's crime are some evidence to support the Department's finding he is unsuitable for parole. He attempted to beat up an unarmed man and later shot and killed him. After Hammons shot the victim, he got into a car and drove away. The Department acknowledged his service as a Marine, lack of a criminal history, and participation in Alcoholics Anonymous. However, the Department noted Hammons had not remained discipline-free while in prison. He had received two disciplinary violations, the last one in 1999. The commissioner noted Hammons's offense was a crime of anger and Hammons, while in prison, had not participated in any anger management classes. The Department further urged he solidify his parole plans and provide documentation of his plans. Contrary to Hammons's contention, some evidence supports the decision of the Department.

Lastly, we do not address Hammons's arguments concerning the superior court's order denying his petition in that court. (See *In re Clark* (1993) 5 Cal.4th 750, 767, fn. 7.)

The petition is denied.

　　　　　　　　　　　　　　　　　　　　　　　　/s/ Haller
　　　　　　　　　　　　　　　　　　　　　　　　HALLER, Acting P. J.

Copies to:  All parties

AFFIDAVIT OF TRANSMITTAL

I am a citizen of the United States, over 18 years of age, and not a party to the within action; that my business address is 750 B Street, Suite 300, San Diego, CA 92101; that I served a copy of the attached material in envelopes addressed to those persons noted below.

That said envelopes were sealed and shipping fees fully paid thereon, and thereafter were sent as indicated via the U.S. Postal System from San Diego, CA 92101.

I certify under penalty of perjury that the foregoing is true and correct.

Stephen M. Kelly, Clerk of the Court

_____          11-7-06
Deputy Clerk                          Date

CASE NUMBER: D049287

| | |
|---|---|
| Office of the Clerk<br>San Diego County Superior Court<br>P.O. Box 120128<br>San Diego, CA 92112-0128 | Material Sent YES: ✓ |
| Jeffrey Hammons<br>H23227<br>P.O. Box 689<br>GW-259A-up<br>Soledad, CA 93960 | Material Sent YES: ✓ |
| Office of the Attorney General<br>P. O. Box 85266<br>San Diego, CA 92186-5266 | Material Sent YES: ✓ |
| Office Of The District Attorney<br>Appellate Division<br>P. O. Box X-1011<br>San Diego, CA 92112 | Material Sent YES: ✓ |

serv