# EXHIBIT 9

**S148201**

SUPREME CT COPY

IN THE SUPREME COURT OF THE STATE OF CALIFORNIA

|  |  |
|---|---|
| In re    Jeffrey Hammons | Case No. _____ <br> Criminal: CRN 20484 <br> San Diego County <br> Superior Court <br> Case No. HCN 0858 <br> Fourth District <br> Appellate Court <br> Division 1 Case No. D049287 |
| On Habeas Corpus |  |

SUPREME COURT
FILED
DEC -6 2006
Frederick K. Ohlrich Clerk
                    DEPUTY

**PETITION FOR REVIEW**

After Decision by the Fourth District
    Appellate Court Division 1
    Denial Date  11/7/2006

COPY

Jeffrey Hammons  H-23227

P.O. Box 689 GW-259A-low
Soledad, CA  93960-0689
PETITIONER IN PRO SE

TABLE OF CONTENTS

| | Page |
|---|---|
| PETITION FOR REVIEW | 1 |
| QUESTIONS PRESENTED | 1-2 |
| NECESSITY FOR REVIEW | 2-4 |
| ARGUMENT I | |
| THE BOARD OF PRISON TERMS DEPRIVED PETITIONER OF HIS FEDERALLY PROTECTED LIBERTY INTEREST AND VIOLATED HIS 5TH AND 14th AMENDMENT CONSTITUTIONAL RIGHT TO DUE PROCESS BY REPEATEDLY DENYING HIM PAROLE BASED ON THE UNCHANGING FACTS OF THE OFFENSE, AFTER IGNORING THE EVIDENCE OF HIS REHABILITATION PROGRAMMING AND CONTINUED EXEMPLARY TYPE BEHAVIOR WHILE IN PRISON. | 4 |
| A.  Introduction | 4 |
| B.  The Board's Decision to Deny Parole Was Not Supported by Evidence Having an Indicia of Reliability. | 5-6 |
| C.  The Board Demonstrates Systematic Bias in Their Decision making, by Denying Grants of Parole to 90% of Appearing Inmates Finding Each Denied Inmate's Crime to be Particularly Egregious. | 7-9 |
| CONCLUSION | 10 |
| EXHIBIT 'A' (4th District, Court of Appeals Order) | 11-14 |
| Verification w/wd.Ct./Proof of Service | 15 |

TABLE OF AUTHORITIES

Cases:                                                                                                                      **Page**

Biggs v. Terhune
    (9th Cir. 2003) 334 F.3d 910                         2,3,4,5,7,9,

Blakely v. Washington
    (2004) ___ U.S. ___ 124 S.Ct. 2531, 159 L.Ed 403
    (DJDAR 7581)                                                            2,3,8

Dunn v. U.S. Parole Com'n
    (10th Cir. 1987) 818 F.2d 742, 745                         6

Greenholtz v. Nebraska Penal Inmates
    (1979) 442 U.S. 1                                                               5

Hornung v. Superior Court
    (2000) 81 Cal.App.4th 1095                                          8

In re Ernest Smith
    (2003) 114 Cal.App.4th 343                                          7

In re Hogan
    (1986) 187 Cal.App.3d 819                                            8

In re Mark Smith
    (2003) 109 Cal.App.4th 489                                          4

In re Morrall
    (2002) 102 Cal.App.4th 280                                          9

In re Ramirez
    (2001) 94 Cal.App.4th 549                                         2,3,9,10

In re Rosenkrantz
    (2002) 29 Cal.4th 616                                                 2,3,6,7,10

In re Rosenkrantz
    (2000) 80 Cal.App.4th 409                                          6

In re Sena
    (2001) 115 Cal.Rptr.2d 22                                          8

# TABLE OF AUTHORITIES
## (Continued)

| Cases: | Page |
|---|---|
| Jancsek v Oregon Board of Parole (9th Cir. 1987) 833 F.2d 1389 | 5 |
| McQuillion v. Duncan (9th Cir. 2002) 306 F.3d 895 | 5 |
| Obremski v. Maass (9th Cir. 1990) | 8 |
| Sellars v. Procunier (9th Cir. 1981) 641 F.2d 1295 | 8 |
| United States v. Paskow (9th Cir. 1981) 11 F.3d 873 | 8 |

**United States Constitution:**

| | |
|---|---|
| 5th and 14th Amendment | 3 |

**California Constitution:**

| | |
|---|---|
| Article I, Section 15 | 3 |

**Penal Code:**

| | |
|---|---|
| § 3041 | 2 |
| § 3041 (a) | 1,2,7,9 |
| § 3041 (b) | 2,5 |

**California Code of Regulations:**

| | |
|---|---|
| § 2282 | 1,9 |
| § 2403 | 1,9 |
| § 2403 (c) | 9 |

IN THE SUPREME COURT OF THE STATE OF CALIFORNIA

| | |
|---|---|
| In re     Jeffrey Hammons | Case No. _____ <br><br> Criminal: **CRN 20484** <br><br> San Diego County <br> Superior Court <br> Case No. **HCN 0858** |
| On Habeas Corpus | Fourth District <br> Appellate Court <br> Division 1 Case No. **D049287** |

PETITION FOR REVIEW

TO THE HONORABLE RONALD M. GEORGE, CHIEF JUSTICE, AND TO THE HONORABLE ASSOCIATE JUSTICES OF THE SUPREME COURT OF THE STATE OF CALIFORNIA:

Petitioner Jeffrey Hammons petitions this court for review following the decision of the Court of Appeal, Fourth District Appellate Court Division 1, Denied in that Court on **November 7, 2006** A copy of the opinion of the Court of Appeal is attached hereto as Exhibit "A".

QUESTIONS PRESENTED

1. Is the Board of Prison Terms violating the Petitioner's State and Federal Due Process Rights when Parole Suitability determinations are not supported by "some evidence," having the necessary federally defined indicia of reliability and was the "some evidence" standard correctly applied in this case?

2. Can the California Parole Board deny parole to a prisoner based on the gravity, i.e. seriousness, of their commitment offense after they served a Penal Code §3041(a)/CCR Title 15 §2403 or §2282 uniform term equal to the gravity of their crime, when the prisoner has been disciplinary free for over 6+ years, has participated in rehabilitation type programs while in

1

prison, has an overall positive prison program, and positive CDC Counselor and Psychological Evaluations?

3.   Does the Board's fourteen year record of denying parole to well over 90% of appearing inmates reflect both a constitutional application of Penal Code §3041, subsections (a) and (b), and conformity with this court's holding in In re Rosenkrantz (2002) 20 Cal.4th 616, 683, that the Board shall normally grant parole, or does it mathematically reflect a systematic bias by the Board against granting parole?

4.   Can the Board ignore the United States Supreme Court mandates of Blakely v. Washington (2004) __U.S.__, 124 S.Ct. 2531, 159 L.Ed.2d 403, DJDAR 7581 and punish a prisoner by redefining their offense as particularly egregious and therefore including crime elements which define it as one of a higher degree not found by a jury without violating Petitioner's state and federal right to due process?

## NECESSITY FOR REVIEW

A grant of review and resolution of these issues by this Court are necessary to secure uniformity of decision and to settle important questions of law. The need for uniformity of decision is demonstrated by a comparison of this case with the factually similar In re Ramirez (2001) 94 Cal.App.4th 549 and Biggs v. Terhune (9th Cir. 2003) 334 F.3d 910, which and Blakely v. Washington, supra, ___ U.S. ___ which resulted in court findings opposite to that in Petitioner's case. Petitioner respectfully submits that viewing these cases together demonstrates the lack of uniformity in application of the due process standard and that the decision in the instant case conflicts with the recently announced

2

Federal due process standard delineated in <u>Biggs v. Terhune</u>, <u>supra</u>, and <u>Blakely v. Washington</u>, <u>supra</u>. This case also provides this Court with an opportunity to refine the meaning of the "particularly egregious" standard found in <u>In re Ramirez</u>, <u>supra</u> and <u>In re Rosenkrantz</u>, <u>supra</u>, 29 Cal.4th, and to bring it and other standards such as liberty interest and some evidence into line with noted federal rulings.

Also, this case provides the Court with an opportunity to determine if by denying parole to over 90% of appearing inmates over the 4 year period during which Petitioner appeared before the panels the Board is normally granting parole as required by <u>In re Rosenkrantz</u>, <u>supra</u>, 29 Cal.4th 683 and the California parole scheme, or does the Board's repeated denial of parole during that period to well over 90% of appearing inmates mathematically reflect their factual historical bias against parole depriving appearing inmates of their federally protected liberty interest..

Further, this case provides the Court with an opportunity to determine if the Board can base a decision to deny parole on prior [remote in time] behavior not reflected by a prisoner's current and directly long term history, precluding its use to deny parole in accordance with federal "some evidence" and due process standards.

In summary, Petitioner respectfully submits that in this case "some evidence" having the necessary state and federal indicia of reliability does not support each of the Board's findings as required by the United States Constitution, Fifth and Fourteenth Amendments, the California Constitution, Article I, Section 15,

3

and numerous state and federal case rulings including <u>In re Mark Smith</u> (2003) 109 Cal.App.4th 489, <u>Biggs v. Terhune</u> <u>supra</u>, violating his State and Federal constitutional right to Due Process.

### ARGUMENT I

**THE BOARD OF PRISON TERMS DEPRIVED PETITIONER OF HIS FEDERALLY PROTECTED LIBERTY INTEREST AND VIOLATED HIS 5TH AND 14th AMENDMENT CONSTITUTIONAL RIGHT TO DUE PROCESS BY REPEATEDLY DENYING HIM PAROLE BASED ON THE UNCHANGING FACTS OF THE OFFENSE, AFTER IGNORING THE EVIDENCE OF HIS REHABILITATION PROGRAMMING AND CONTINUED EXEMPLARY TYPE BEHAVIOR WHILE IN PRISON.**

#### A. INTRODUCTION

On October 4, 2005, Petitioner appeared before the Board of Prison Terms for the Second (2nd) time for parole consideration and was found unsuitable for parole based on unchanging factors, the circumstances of his offense. He received a two (2) year parole denial. Petitioner filed a Petition for Writ of Habeas Corpus in the San Diego County Superior Court, Case Number HCN 0858. On May 22, 2006, the San Diego County Superior Court denied Petitioner's Petition, concurring with the declarations of the Board.

In 1991 Petitioner was convicted of second degree murder with gun use, and sentenced to State Prison for a term of sixteen (16) years to life. He repeatedly expresses regret and remorse for his act and the victim. In addition, Petitioner has been disciplinary free since 1999, has positive CDC Psychological Evaluations and Custody Counselor Life Prisoner Evaluation Reports supporting his release, and he has a very positive work record. Ignoring these facts, the Board arbitrarily found him unsuitable for parole, denying him for a two (2) year period.

**B. The Board's Decision to Deny Parole Was Not Supported by "Some Evidence" Having and Indicia of Reliability.**

In <u>Biggs v. Terhune</u>, <u>supra</u>, at p. 914, a case with situational factors and a prison performance record analogous to this Petitioner's, the Court cited <u>Greenholtz v. Nebraska Penal Inmates</u> (1979) 442 U.S. 1, 7, and <u>McQuillion v. Duncan</u> (9th Cir. 2002) 306 F.3d 895, 903 and held that "[b]ecause the "California parole scheme [Penal Code §3041(b)] vests in every inmate a constitutionally protected liberty interest" and then held "protected by the procedural safeguards of the Due Process Clause," "some evidence" having an indicia of reliability must underlay every Board decision, citing <u>Jancsek v Oregon Board of Parole</u>, (9th Cir. 1987) 833 F.2 1389. The <u>Biggs</u>' Court then established standards for the California Parole Board to follow when assessing the facts before it during a parole consideration hearing, holding at pp. 916-917 that:

> "[While] the California] Parole Board's sole supporting reliance on the gravity of [a first degree murder] offense [involving the killing of a witness] and conduct prior to imprisonment to justify denial of parole can initially be justified as fulfilling the requirements set forth by state law [,o]ver time, however, should [a petitioner] continue to demonstrate exemplary behavior and evidence of rehabilitation, denying him parole simply because of the nature of [his] offense and prior conduct would raise serious questions involving his liberty interest in parole."

> "A continued reliance in the future on an unchanging factor, the circumstances of the offense and conduct prior to imprisonment, runs contrary to the rehabilitative goals espoused by the prison system and could result in a due process violation."

<u>Biggs</u> further held that when a prisoner such as Petitioner has behaved in a crime and disciplinary free manner over a long term, in Biggs' first degree murder case 13 years, a Board finding

5

denying parole based on the prisoner having had a so-called escalating pattern of criminal conduct relying on their commitment offense, prior history would be devoid of evidence, since they have not recently committed a criminal act, and when a prisoner such as Petitioner has engaged in rehabilitation type programming such as self-help groups, educational and vocational courses, etc., and remained disciplinary free for an extended period as in this case, the Board can not deny parole based on those factors because the evidence demonstrates otherwise. (Id. at pp. 916-917.) Previously, the court in In re Rosenkrantz (2002) 80 Cal.App.4th, 409 at p. 426, citing Dunn v. U.S. Parole Com'n (10th 1978) 818 F.2d. 742, 745, held the Board cannot use a prisoner's prior behavior as a factor supporting an unacceptable parole release risk finding solely for punitive purpose when the evidence fails to show these events reflect his present state of mind.

Petitioner therefore respectfully submits that in accordance with these recently announced Federal due process standards, given his six (6+) years of disciplinary free prison performance and his on-going positive programming, the gravity of his offense can no longer provide the some evidence needed to support a parole denial decision. Therefore, the Board's finding in this case that the gravity of his offense and his prior conduct from over fourteen (14) years past out weigh all of the positive factors of his imprisonment demonstrating his rehabilitation is contrary to the evidence which was before the Board, thus their findings and decisions were without any reasoned factual basis, i.e. devoid of evidence, and as a result arbitrary and capricious, depriving Petitioner of his State and Federal right to Due Process.

C.  **The Board Mathematically Demonstrates Systematic Bias in Their Decision Making by Denying Grants of Parole to over 90% of Appearing Inmates, Finding Each Denied Inmate's <u>Crime to be Particularly Egregious</u>.**

Petitioner respectfully submits that a review of the available state government provided statistical data, which can be obtained and provided if requested, will demonstrate the Board routinely denies parole to well over 90% of appearing inmates in violation of Penal Code §3041(a) as held by this Court's ruling in <u>In re Rosenkrantz</u>, <u>supra</u>, 29 Cal.4th at p. 683, and in violation of the Federal standard recently announced in <u>Biggs v. Terhune</u>, <u>supra</u>, at pp. 916-917. Further, Petitioner submits a review of case record history will show that the Board carries out this routine denial of parole by declaring each and every offense committed by the 90%+ of inmates denied parole as being "especially heinous, atrocious, or cruel," i.e. particularly egregious, regardless of offense circumstances of degree. It is <u>impossible</u> for over 90% of crimes committed which carry an indeterminate sentence to be particularly egregious, especially if the offense's circumstances correlate to those appearing on an applicable 15 CCR §2282 or §2403 Base Terms Matrix indicating the Penal Code §3041(a) uniform and proportional term for the instant offense. (See <u>In re Rosenkrantz</u>, <u>supra</u>, 29 Cal.4th at p. 683 holding the Board cannot ignore or override the requirement on a case-by-case basis to set uniform proportional terms. Also see <u>In re Ernest Smith</u>, (2003) 114 Cal.App.4th 343 holding that in California parole is the rule, i.e. the norm, and not the exception; and that only especially grave, i.e. particularly egregious, crimes can be used to support a parole denial decision. See <u>In re</u>

7

Rosenkrantz, supra, 29 Cal.4th 616 holding a "particularly egregious" second degree murder is one with first degree murder elements not found by the jury, and see Blakely v. Washington, supra, holding this type of finding by a [quasi-judicial] sentencing [authority] is illegal. (See Hornung v. Superior Court (2000) 81 Cal.App.4th 1098, 1099, citing Sellars v. Procunier (9th Cir. 1981) 641 F.2d 1295, 1304, holding "The [Board of Prison Terms'] commissioners perform a quasi-judicial function when they decide to grant of deny parole." Also see Sellars v. Procunier, Ibid., holding the parole board member [is] on impartial professional serving essentially as the arm of the sentencing judge, and Obremski v. Maass (9th Cir. 1990) 905 F.2d 281, 285, holding "[b]ecause parole board officials perform tasks functionally comparable to those performance by the judiciary, they owe the same duty to render impartial decision in those cases," also cited in Hornung, Id., at p. 1100. See In re Sena (2001) 115 Cal.Rptr.2d 22, 25 holding, "[a] parole decision flows from and relates to the sentence imposed[,]" citing United States v. Paskow, (9th Cir. 1993) 11 F.3d. 873, 879. See In re Sena, Ibid.,, also holding "[a] petition for writ of habeas corpus attacking parole denial is a challenge to the length of sentence…" See In re Hogan (1986) 187 Cal.App.3d. 819, 824, holding "The Board in setting a parole release date[, i.e. determining the length of sentence,] for an indeterminate sentence performs the some function as does the trial court…" See Blakely v. Washington, supra, at DJDAR 7582, holding "when a [sentencing] judge inflicts punishment that the jury's verdict alone does not allow, the jury has not found all

8

the facts which the law makes essential to the punishment[,]" precluding California's parole board's use of any factor not found by a jury when determining the length (continuation) of a prisoner's Penal Code §3041(b) punishment.  See In re Morrall (2002) 102 Cal.App.4th 280, 288-289, 292, holding the punishment for an indeterminately sentenced prisoner is the Penal Code §3041(a) / 15 CCR §2282 or §2403 uniform term specified for the type, degree, and circumstances of their crime.)

Petitioner further submits that in this case the Board effected their systematic parole denial result by "simply identifying 'some [factual] evidence' [from] the record to support each result," ignoring that in accordance with In re Ramirez, supra, at pp. 536-564, and Biggs, supra, at pp. 916-917, as the facts of this case do not and can not demonstrate that Petitioner is currently an unreasonable threat to public safety if released. The Board clearly ignored the fact that the offense and victim circumstances of Petitioner's offense calls for a 15 CCR §2403(c), Matrix Axis III-B base term of 18-19-20 years, while he has already served a twenty (20) year term.  Fourteen (14) actual years plus six (6) credit years), One (1) year past his uniform term and owed parole date.  Therefore Petitioner submits he did not receive a fair parole hearing at his October 5, 2005 Parole Consideration Hearing because the hearing was adjudicated pro forma as the results reflect the Board's mathematically demonstrated bias against granting parole, violating Petitioner's state and federal right to due process under the constitution of the United States, depriving him of his federally protected liberty interest.

## CONCLUSION

For these reasons, Petitioner respectfully submits that this Court grant review to bring up to date the Board's practices such that they conform with the guidance provided in In re Ramirez, supra, In re Rosenkrantz, supra, 29 Cal.4th 616 at p. 683 and conform with current federal standards, so as to insure uniformity of decision making in the lower courts on issues frequently litigated, and to settle questions so important that they impact directly upon the right of a person such as Petitioner to due process of law under the state and federal constitutions and impact his federally protected liberty interest.

Dated: 11/15/2006 .


Respectfully submitted,



Jeffrey Hammons
Petitioner
In pro Se
P.O. Box 689   GW-259A-low
Soledad, California 93960-0689

10

VERIFICATION

I, Jeffrey Hammons (CDCR No. H-23227), Declare under penalty of perjury, that the aforementioned facts are true and correct.

11/15/2006                              _____
                                         Jeffrey Hammons (Declarant)

PROOF OF SERVICE

I, Jeffrey Hammons am a resident of the State of California, County of Monterey. I am over the age of 18 years and I am a party to the within action. My residence is : P.O. Box 689, GW-259A, CTF-Central, Soledad, CA 93960-0689.

ON 11/15/2006, I served the foregoing Petition for Review on the parties listed below by placing the identified copies in a sealed envelope bearing first class postage in the U.S. mail via the mailbox rule applicable to prisoner filing, as follows:

Original and 13 Copies
Attn: Clerk of the Court
California Supreme Court
300 S. Spring St., Floor 2
Los Angeles, CA 90013-1233

1 Copy
Attn: Clerk of the Court
Second Dist. Court of Appeals
Division 1
750 B Street, Suite 300
San Diego, CA 92101-8189

1 Copy
San Diego Superior Court
325 S. Melrose
Vista, CA 92083-6627

1 Copy
Bill Lockyer, Attorney General
Office of the Ca, Atty. General
P.O. Box 85266
San Diego, CA 92186-5266

1 Copy
Office of the District Attorney
County of San Diego
330 West Broadway, Suite: 920
San Diego, CA 92101-3803

There is regular delivery service by U.S. Postal Services between the place of mailing and the places addressed.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 15Th day of November, 2006 at CTF-Central, Soledad, California.

                                         _____
                                         Jeffrey Hammons
                                         Declarant/Affiant

15