# EXHIBIT 11

COPY TO INMATE ON
SEP 0 9 2004

LIFE PRISONER EVALUATION REPORT
SUBSEQUENT PAROLE CONSIDERATION HEARING
OCTOBER 2004 CALENDAR

HAMMONS, JEFFREY                                                H-23227

I.   **COMMITMENT FACTORS**:

   A.   **Life Crime**: Murder 2nd PC 187 with Use of Firearm (handgun), PC 12022.5. San Diego County Superior Court Case #CRN20484. Received in CDC on 01-30-92, Sentenced to 16 years to Life. MEPD: 04-21-02. Victim: Carlos Santana, age unknown.

   1.   **Summary of Crime**: On the night of 12-10-90, victim, Carlos Santana, telephoned the Oceanside Police twice. After the first call, an officer met him at the Oceanside transit center where he reported leaving his jacket in a car occupied by two Marines. The jacket contained his glasses and $26. Victim Santana, a prostitute, stated that he did not want to make a formal report or cause trouble since it was Christmas. He requested that his goods be returned if the Marines were located and he provided the description and license plate number of his car. At the end of the contact, he stated that he lived in the street in front of the Travel Lodge, 1401 North Hill Street. Approximately 15 minutes later, police received another call from victim Santana. He stated that he was in front on the Wally Johnson Motel watching the car he identified earlier. He provided the vehicle license plate number (QCM837) again and requested police assistance. A dispatcher put him on hold, then attempted to direct a police unit to his location. A short time later, police received several emergency calls stating that the victim had been shot. Officers responding to these reports found him lying on the sidewalk in front of Wally Johnson Motel. They determined that he had been mortally wounded from a gun shot to the upper torso. He was pronounced dead at the scene (11:50 p.m.), then transported directly to the medical examiner's office. An autopsy was subsequently performed. Autopsy results indicated that he died of a gun shot wound to the neck and chest. The prisoner, Jeffrey Hammons and Todd Alan Thornton were arrested and charged with the murder. Both Hammons and Thornton gave accounts of the incident that were contradictory, each implicating the other as the shooter. Hammons was convicted by jury trail on 12-04-91. The co-defendant Thornton, pled guilty to 192 (a) Voluntary Manslaughter. Source: Probation Officer's Report, dated 01-03-92, page 2.

2. **Prisoner's Version:** Hammons stated that he had been stationed at Camp Pendelton for a short time prior to the offense and lived off base at the time. While on a ten-day field exercise at Twenty-Nine Palms he met Thornton. He had agreed to help Thornton find an apartment off base upon their return. Late that afternoon, they returned to Oceanside. They made plans to go out later to an establishment called the Main Attraction. That evening, as they were leaving the club, Hammons and Thornton encountered some prostitutes. Hammons decided to pay one of them for oral sex. He followed the prostitute (the victim) down an alley to complete the transaction, whereupon he discovered that he was in the company of a male transvestite. Angered, Hammons grabbed the victim by the jacket. The victim slipped out of the jacket and ran off. Hammons returned from the alley with the jacket. He and Thornton returned to his vehicle and departed the scene. A short time later as they were returning to the base, Thornton informed Hammons that the victim was following them in a cab. As Hammons continued up the street, he noticed the cab pull over near a motel. Hammons pulled over and turned the car around to go back to the motel. The victim had exited the cab and was still on the sidewalk when Hammons pulled up beside him. Hammons states that he told Thornton to open the passenger side window. Hammons then drew a .44 Magnum handgun, which he carried in the vehicle and fired it out the open window, mortally wounding the victim.

Hammons expressed remorse for the senseless loss of life. He further expressed remorse for initially implicating Thornton as the shooter in the crime. He states that, in retrospect, he feels Thornton should not have served time as an accomplice in the crime, as he was not really aware of what Hammons intended to do when they returned to confront the victim. He also expressed regret for the impact that this crime has had on his family.

3. **Aggravating/Mitigating Circumstances:**

   a. **Aggravating Factors:**

   a. Victim was particularly vulnerable.

   b. Murder was senseless and served no purpose in completing the crime.

   c. Use of Weapon.

   d. Nature of the crime exhibited viciousness, cruelty and callousness.

        b.    **Mitigating Factors:** Hammons had no prior criminal history of record.

B.    **Multiple Crime(s):** N/A

    1.    **Summary of Crime:** N/A

    2.    **Prisoner's Version:** N/A

II.    **PRECONVICTION FACTORS:**

A.    **Juvenile Record:** None.

B.    **Adult Convictions:** None.

C.    **Personal Factors:** Remain the same as stated in the previous report.

III.    **POSTCONVICTION FACTORS:**

A.    **Special Programming/Accommodations:** None.

B.    **Custody History:** Remains the same as stated in the previous report. During this period, Hammons remained housed at CTF North Facility under Medium A custody and has been assigned to the following work positions:

    10/30/01 – 12/12/01    Lassen B, 3rd Watch Porter, with exceptional ratings

    12/12/01 – 04/27/02    Whitney Sgt's work crew, no ratings noted

    04/27/02 – present    Vocational Welding, with satisfactory ratings.

C.    **Therapy and Self-Help Activities:** Remains the same as stated in the previous report. During this period, Hammons participated in Alcoholics Anonymous through 12/2003.

D.    **Disciplinary History:** Remains the same as stated in the previous report. During this period Hammons remained disciplinary free.

E. **Other:** On 10-15-01, Hammons appeared before BPT for an Initial Parole Consideration Hearing. BPT denied parole for three years and made the following recommendations: (1) remain disciplinary free (2) upgrade vocationally and (3) participate in self-help and therapy. During this period, Hammons remained disciplinary free, continued to upgrade vocationally as evidenced by his participation in vocational welding and maintained his participation in Alcoholics Anonymous.

IV. **FUTURE PLANS:**

A. **Residence** Hammons stated that he hopes to parole out of state back to his home in Knox County, Kentucky. He has several family members living there who would provide him a place to live until he could establish his own residence. Hammons stated that prior to his Parole Consideration Hearing, he will secure names, addresses, phone numbers and letters of support of family members willing to provide residential support in Kentucky and San Diego, California.

B. **Employment:** Hammons would initially work with his brother in law who has a garage and body shop. He would apply the skills he has acquired.

C. **Assessment:** Hammons parole plans are incomplete at this time. Hammons stated that he would provide more complete residential plans prior to the BPT hearing.

V. **USINS STATUS:** None

VI. **SUMMARY:**

A. Considering the commitment offense, prior record and prison adjustment, this writer believes that the prisoner would likely pose a moderate risk to the community if released on parole. Hammons has remained disciplinary free for the last 5 ½ years. During this period, Hammons has continued to participate in Alcoholics Anonymous. He is currently assigned to vocational welding.

B. Prior to release the prisoner could benefit from maintaining a disciplinary free record, completing the vocational welding program and securing complete residential parole plans by soliciting letters of support from family and friends willing to provide a place to live upon release from prison.

C. This Board Report is based upon an extensive Central file review and a personal interview with Inmate Hammons.

LIFE PRISONER EVALUATION REPORT
PAROLE CONSIDERATION HEARING
OCTOBER/2004 CALENDAR

    **D.**    Inmate Hammons reviewed his Central file on 7-14-04.

    **E.**    No accommodation was required per the Armstrong vs. Davis BPT Parole Proceedings Remedial Plan (ARP) for effective communication.

_____  8/24/04
P, McPartlan              Date
Correctional Counselor I


_____  8/25/04
R. Torres                 Date
Correctional Counselor II


_____  8-26-04
L. Trexler                Date
Facility Captain


_____, C&PR 8-30-04
D. S. Levorse             Date
Classification and Parole Representative

BOARD OF PRISON TERMS                                                                                   STATE OF CALIFORNIA

# LIFE PRISONER: POSTCONVICTION PROGRESS REPORT

☐ DOCUMENTATION HEARING

☒ PAROLE CONSIDERATION HEARING

☐ PROGRESS HEARING

## INSTRUCTIONS

TO CDC STAFF: DOCUMENT EACH 12-MONTH PERIOD FROM THE DATE THE LIFE TERM STARTS TO PRESENT
TO BPT STAFF: FOR EACH 12-MONTH INCREMENT APPLY THE GUIDELINES UNDER WHICH THE PAROLE DATE WAS ORIGINALLY ESTABLISHED, ie., 0-2 MONTHS FOR PBR AND 0-4 MONTHS FOR BPT. SEE BPT §§2290 - 2292, 2410 AND 2439.

| POSTCONVICTION CREDIT | | | REASONS |
|---|---|---|---|
| YEAR | BPT | PBR | |
| 09/2001 to 08/2002 | | | **PLACEMENT**: Remained housed in the general population at CTF-North.<br>**CUSTODY**: Medium A.<br>**VOC. TRAINING**: 4/27/02 reassigned to Vocational Welding, work performance reports reflect satisifactory ratings.<br>**ACADEMICS**: None.<br>**WORK RECORD**: 10/30/01 assigned to Lassen Hall 3rd watch porter position. CDC 101 reflects exceptional work performance ratings. 12/02/01 reassigned to Whitney Hall Sergenat's work crew, work performance not rated.<br>**GROUP ACTIVITIES**: Continued participation in Alcoholis Anonymous.<br>**PSYCH. TREATMENT**: None.<br>**PRISON BEHAVIOR**: Disciplinary free.<br>**OTHER**: None. |

CORRECTIONAL COUNSELOR'S SIGNATURE                 DATE

HAMMONS      H-23227      CCI      CTF-SOLEDAD      8-24-04      OCT/2004

BOARD OF PRISON TERMS                                                                                   STATE OF CALIFORNIA

BPT 1004 (REV 7/86)                               Page _1_

CONTINUATION SHEET: LIFE PRISONER : POSTCONVICTION PROGRESS REPORT

| POSTCONVICTION CREDIT | | | REASONS |
|---|---|---|---|
| YEAR | BPT | PBR | |
| 09/2002 to 08/2003 | | | **PLACEMENT**: Remained housed in the general population at CTF North.<br>**CUSTODY**: Medium A.<br>**VOC. TRAINING**: Remained assigned to Vocational Welding during this period. Work performance reports reflects satisfactory ratings.<br>**ACADEMICS**: None.<br>**WORK RECORD**: None.<br>**GROUP ACTIVITIES**: Continued participation in Alcoholics Anonymous.<br>**PSYCH. TREATMENT**: None.<br>**PRISON BEHAVIOR**: Disciplinary free.<br>**OTHER**: None. |

ORDER:
  ☐ BPT date advanced by _____ months.     ☐ BPT date affirmed without change.
  ☐ PBR date advanced by _____ months.     ☐ PBR date affirmed without change.

SPECIAL CONDITIONS OF PAROLE:
  ☐ Previously imposed conditions affirmed.
  ☐ Add or modify

  ☐ Schedule for Progress Hearing on appropriate institutional calendar

| HAMMONS | H-23227 | CTF-SOLEDAD | OCT/2004 |

BOARD OF PRISON TERMS                                              STATE OF CALIFORNIA
BPT 1004 (REV 7/86)                    Page _2_

BOARD OF PRISON TERMS  
STATE OF CALIFORNIA

CONTINUATION SHEET: LIFE PRISONER : POSTCONVICTION PROGRESS REPORT

| POSTCONVICTION CREDIT | | | REASONS |
|---|---|---|---|
| YEAR | BPT | PBR | |
| 09/2003 to 07/2004 | | | **PLACEMENT:** Remained housed in the general population at CTF North <br> **CUSTODY:** Medium A <br> **VOC. TRAINING:** Remained assigned to Vocational Welding, work performance reports reflect satisfactory ratings. <br> **ACADEMICS:** None. <br> **WORK RECORD:** None. <br> **GROUP ACTIVITIES:** Continued participation in Alcoholics Anonymous. <br> **PSYCH. TREATMENT:** None. <br> **PRISON BEHAVIOR:** Disciplinary free. <br> **OTHER:** None. |

ORDER:

☐ BPT date advanced by _____ months.   ☐ BPT date affirmed without change.
☐ PBR date advanced by _____ months.   ☐ PBR date affirmed without change.

SPECIAL CONDITIONS OF PAROLE:
  ☐ Previously imposed conditions affirmed.
  ☐ Add or modify

  ☐ Schedule for Progress Hearing on appropriate institutional calendar

HAMMONS                H-23227                    CTF-SOLEDAD                    OCT/2004

BPT 1004 (REV 7/86)              Page _3_